## OHIO-PUBLIC SERVICE COMPANY *v.* OHIO EX REL. FRITZ.

ERROR TO THE SUPREME COURT OF THE STATE OF OHIO.

Nos. 210, 264.   Argued March 10, 1927.—Decided April 11, 1927.

1. Of two writs of error to a state court, the one sued out pending motion for rehearing and the other after rehearing denied, the second may be relied on and the other dismissed. P. 12.
2. An ordinance of an Ohio village, in 1892, authorizing persons named to use the streets, etc., for the purpose of erecting, maintaining and operating electric light wire mains and apparatus complete for the distribution of electricity for light, heat and power, granted an assignable franchise for an unlimited time and not subject to termination at the mere will of the grantor. P. 13.
3. Subsequent legislation of the State destroying the assignability of the franchise would be invalid under the Contract Clause of the Federal Constitution. P. 14.

113 Oh. St. 325, reversed.

ERROR to a judgment of the Supreme Court of Ohio which affirmed a judgment in *quo warranto* ousting the Public Service Company from use of the streets in the Village of Orrville under a franchise to transmit and distribute electricity.

*Messrs. C. H. Henkel* and *Frank M. Cobb,* with whom *Mr. Franklin L. Maier* was on the brief, for plaintiff in error.

*Messrs. Lyman R. Critchfield* and *Alton H. Etling,* with whom *Mr. Joseph O. Fritz,* Prosecuting Attorney, was on the brief, for defendant in error.

MR. JUSTICE McREYNOLDS delivered the opinion of the Court.

These two writs of error were sued out at different stages of the same cause; the first while a timely application for rehearing was pending; the second after this

had been denied.   Under the circumstances, plaintiff in error may rely upon the latter writ and No. 210 will be dismissed.

By an action in *quo warranto* the State of Ohio, upon relation of the Prosecuting Attorney for Wayne County, seeks to oust plaintiff in error, a corporation under her laws, from use of the streets in the Village of Orrville. The corporation has general power to transmit and distribute electric energy and current, and claims the privilege to operate there as assignee of rights granted to Gans and Wilson and their successors by an ordinance of the Village Council passed February 1, 1892.

The Supreme Court treated the judgment of the Court of Appeals as establishing that the Orrville Light, Heat and Power Company, immediate successor to Gans and Wilson, acquired in 1893 the right to occupy the streets which the ordinance of 1892 gave them.   But it held the franchise so acquired was revocable ten years after the original grant and had been terminated by appropriate village action.   Also, that under the Act of the Legislature passed April 21, 1896, 92 Ohio Laws 204, this franchise could not lawfully be assigned to plaintiff in error's predecessor during 1907 without the consent of the village, which was not given.   It accordingly affirmed the judgment of ouster pronounced by the Court of Appeals.   113 Oh. St. 325.

The ordinance of February 1, 1892, ordained—"Sec. 1. That Aurel P. Gans and Mellville D. Wilson of Canal Dover, Ohio, their associates, successors and assigns are hereby authorized and empowered to use the streets, lanes, alleys, and avenues of the Village of Orrville for the purpose of erecting, maintaining and operating electric light wire mains and apparatus complete for the distribution of electricity for light, heat and power."

Subsequent sections inhibited unnecessary obstruction of the streets, directed how the wires should be strung,

etc.; also that the grantee should furnish and the village should use and pay for a designated number of lights during a period of ten years at a specified rate, etc., etc.

The Ohio statute of 1896 applies to electric light and power companies and provides, that " in order to subject the same to municipal control alone, no person or company shall place, string, construct or maintain any line, wire fixture or appliance of any kind for conducting electricity for lighting, heating or power purposes through any street, alley, lane, square, place or land of any city, village or town, without the consent of such munici-pality. . . ."

We think it quite clear that the conclusions of the court below conflict with rulings heretofore announced by this court.

In *Northern Ohio Traction Co.* v. *Ohio*, 245 U. S. 574, we pointed out the state of the law in Ohio during 1892. It is plain enough from what was there said that in our view the franchise originally granted by the Village of Orrville was for an unlimited time and not subject to termination at the mere will of the grantor.

*Louisville* v. *Cumberland Telephone Co.*, 224 U. S. 649, 661, and *Owensboro* v. *Cumberland Telephone Co.*, 230 U. S. 58, 75, are enough to show that the rights acquired under the ordinance of 1892 were assignable without further consent by the village. If to enforce the Ohio statute of 1896 would destroy this right, it conflicts with the provision of the federal Constitution—No State shall pass any law impairing the obligation of contracts.

The judgment of the court below must be reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Reversed.*

MR. JUSTICE HOLMES and MR. JUSTICE BRANDEIS dissent.