### CITY OF BAIRD v. WEST TEXAS UTILITIES CO.

No. 2404.

Court of Civil Appeals of Texas. Eastland.
Oct. 1, 1943.

Rehearing Denied Oct. 15, 1943.

650

See, also, Tex.Civ.App., 145 S.W.2d 965; 136 Tex. 148, 148 S.W.2d 392.

F. E. Mitchell, of Baird, and Scarborough, Yates & Scarborough, of Abilene, for appellant.

B. L. Russell, of Baird, and Wagstaff, Harwell, Douthit & Alvis, of Abilene, for appellee.

LESLIE, Chief Justice.

The City of Baird, Texas, instituted this suit November 24, 1941, against the West Texas Utilities Company, a corporation, charging the latter with operating in Baird without a franchise. The Utilities Company urged a general demurrer and various exceptions to the petition, supplemented by an agreed statement, and the trial court sustained the exceptions and on refusal of the plaintiff to amend, the court dismissed the cause, from which action the City of Baird appeals.

The material allegations will be stated in substance:

The City alleged its incorporation under the general laws of Texas and that on March 19, 1915, it granted a franchise to the Baird Light and Ice Company with conditions as follows:

"Section I. Be it ordained by the City Council of the City of Baird, Texas, that the Baird Light and Ice Company, a corporation organized under the laws of the State of Texas its successors and Assigns, is hereby granted a franchise or right of way in, upon, across and along the streets, alleys and public grounds of the said City of Baird, Texas for it or their use for the purpose of erecting, constructing and main-

taining all necessary, needful and convenient poles, pole line, posts, wires, transformers, guy posts and guy wires, apparatus and appliances, to properly and successfully locate, construct, maintain and operate an electric light and power plant and distribution system in the City of Baird, Texas, for a period of forty years from the passage of this ordinance.

"Section II. The Baird Light and Ice Company, its successors and Assigns, shall so set their poles and place their wires and appliances as to not interfere with the ordinary travel and use of the streets, alleys or public grounds and shall so maintain same during the life of this franchise.

"Section III. The Baird Light and Ice Company, its successors and assigns, shall have the right to furnish light and power during the life of this franchise, to all public and private customers, and shall have the right to extend its lines upon the streets, alleys and public grounds of any addition or additions hereafter made to the City's Corporate Territory, and to use the streets, alleys and public grounds for lines to conduct light and power to point beyond the corporate limits of said city.

"Passed in open council of unanimous vote this 19th day of March, at 9:00 P.M. A.D. 1915."

The supplemental matters agreed on by the litigants are in substance as follows: "In particular it was agreed that in passing on the exceptions the court might consider the fact that the City of Baird is incorporated under the general laws of the State of Texas relating to cities, towns and villages under five thousand inhabitants; and that the City of Baird has its own municipal light plant and has been operating same for about two years; that the West Texas Utilities Company is an integrated company and owns and operates about 165 distribution systems in that many different cities and towns, and that the current for the town of Baird was furnished by high lines and not by a local generating plant. It was further agreed that the West Texas Utilities Company had been supplying electricity to its customers in the City of Baird continuously since it purchased the franchise and assets of The Baird Light and Ice Company on January 2, 1923, and that it sold electricity to the City of Baird as a customer for its streets and public buildings from January 2, 1923, until the City completed its own plant in the year 1940, and that said company had been paying taxes to said City on its properties since January 2, 1923. That the West Texas Utilities Company has no generating plant in the City of Baird. That at the time of the granting of the franchise on March 19, 1915, the Baird Light and Ice Company then had a local generating plant in said city."

This suit calls for interpretation of the original franchise granted the Baird Light and Ice Company, as to whether such franchise created a monopoly rendering the same void, and also the question is raised as to the power of said Light and Ice Company to sell and transfer its franchise to the defendant, the West Texas Utilities Company. The ordinance granting the original franchise makes use of the expression "the Baird Light and Ice Company, its successors and assigns" three times. The appellee Utilities Company resists the "monopoly" contention on the ground that the franchise was not an exclusion grant and that the original company was merely granted "the right to furnish light and power during the life of the franchise to all public and private customers * * *", which terms did not embrace anyone who did not wish to become a voluntary "public or private customer." These are the main contentions, but others will be considered as the opinion proceeds.

The plaintiff city further alleged that the Baird Light and Ice Company, on the date (March 19, 1915) the franchise was granted, already owned and operated an electric light and power plant and distribution system in said City of Baird and continued to so own and operate it until January 2, 1923, when it sold its power plant and distribution system to the defendant, West Texas Utilities Company, and then purported to sell its easement and franchise to said Utilities Company. That the sale of the franchise was without the consent of the City of Baird and was not assignable without its consent.

The plaintiff City further alleges, (1) that soon after the Utilities Company purchased the Light and Ice plant and its distribution system, it tore down the original power plant, has never constructed another one in the City of Baird, but has supplied and continues to supply its distribution system (in Baird) with electricity from current generated in distant cities and brought in over highlines connecting said cities or units; (2) that it has never granted the Utilities Company any fran-

chise or right-of-way along its streets or alleys for the purpose of operating a distribution system, but that said company is claiming the right to do so under its purported purchase from the Light and Ice Company, to which the City never consented.

One theory of the City's case is that the franchise which it attempted to grant the Baird Light and Ice Company March 19, 1915, was void from its inception since it granted an exclusive franchise which was contrary to the constitutional provisions of this state against monopolies and perpetuities. That for such reason the Utilities Company, attempting to acquire such rights from the Light and Ice Company and make use of the streets, alleys, etc., acquired no such rights and privileges, but was a mere trespasser on the City's property and should be ousted therefrom.

Another contention alleged by the appellant is that if the franchise granted the Ice Company was ever valid, it is now invalid, because it was at first granted to a "single unit company" doing business in the City of Baird alone, whereas that company's assignee, the West Texas Utilities Company, is an "integrated company" doing business in many cities (165), has no generating plant in the City of Baird, but transmits its electricity from distant points over highlines. That by reason of such fact, the Utilities Company is not subject to regulation by the City of Baird to the same extent the Baird Light and Ice Co. was. That the West Texas Utilities Company (an integrated company) is exempt from the provisions of the statute requiring it to file reports with the City of Baird so as to enable the City to properly regulate rates, whereas the Baird Light and Ice Company was subject to such law and the jurisdiction of the City authorities.

In this connection, the plaintiff further alleged incidental matters to the effect that the City and its inhabitants would have benefited from a local plant, such as was the Baird Light and Ice Company, (1) in increased tax values for the support of the City (the plant being in the city limits), (2) better character of service, (3) wages and salaries paid to local resident employees in generating plant, etc.

The City also alleged that the franchise required the maintenance of the generating plant in the City of Baird and that the Utilities Company, failed to do so. That such was the essence of the franchise and

essential to the existence of any rights whatever under the grant. That the defendant Utilities Company had failed in all the above respects and by non-user and misuser had abandoned all rights, if any ever existed, under the franchise.

By special exceptions the Utilities Company (1) contended that the allegations that it was immune from laws requiring certain reports, etc., was not ground for canceling its franchise and forfeiting its property; (2) that appellant (plaintiff) was attempting to deprive it of valuable property rights without legal or equitable grounds therefor and without any offer of compensation, and that such was unconstitutional; (3) that the appellant's pleadings alleging that the original franchise required an electric plant to be built and operated and remain in the City of Baird were but a conclusion of the pleader and contrary to appellant's pleadings generally, as well as to the terms of the franchise alleged by the appellant.

Like exceptions were urged to the petition which alleged the defendant had abandoned its franchise rights by reason of non-user and mis-user for the reason that such allegations were but a conclusion and were contradicted by the appellant's own pleadings, which alleged that appellee owned said franchise and was operating under it.

Special exceptions were further urged against plaintiff's petition for the reason that same showed on its face that the plaintiff was attempting to deny the defendant the fundamental principles of justice guaranteed to it under the Fourteenth Amendment to the Constitution of the United States and also guaranteed to it by Art. 1, Sec. 19, of the Constitution of the State of Texas, Vernon's Ann.St., wherein it is provided that no person shall be deprived of his property without due process of law. The defendant invoked the protection guaranteed by said constitutional provisions.

Broadly stated, the ground upon which the trial court based his ruling and conclusions appears to be that the West Texas Utilities Company, the assignee of said franchise from the Light and Ice Company was and is the owner of and lawfully operating under a valid franchise granted by the City of Baird to the Baird Light and Ice Company, its successors and assigns, on March 19, 1915, for a period of forty years, which has not yet expired.

Under the subject of "Principal Questions Involved", the appellant states the

contentions presented by this litigation as follows:

"(a) Is a franchise that was granted to a local corporation to build and operate in one town a light and ice plant assignable to an integrated corporation that owns and operates 165 plants and imports the electricity by highlines. The only authority given by the City to authorize the assignment is the provision in the franchise 'Successors and assigns.' Does this statement, 'Successors and assigns' give the local company the City's consent to assign the franchise to an integrated company that is not under the control of the City? 'Successors and assigns' means consent to assign to a corporation of like kind and character.

"(b) The franchise was not assignable to appellee because it is an integrated company not under the control of the City and is in violation of Article 1, Section 17 of the Constitution of Texas.

"(c) The original franchise violates the monopoly laws.

"(d) Under our system in Texas we have two classes of power and light companies, one that operates in one town only and the other an integrated company that may operate in many towns through a system of highlines. The franchise granted to the Baird Light and Ice Company was granted to a local concern operating only in the town of Baird. The appellee is an integrated company and is not subject to the control of the local municipal authorities. See City of Baird v. West Texas Utilities Co., Tex.Civ.App., 145 S.W.2d 965."

Points One and Two, briefed together, will be so considered here.

By the First it is asserted that the presence of the words "Successors and Assigns" in the franchise did not imply that the grantee could assign same for any purpose other than that for which granted, namely, the construction and operation of a local power plant within the limits of the City of Baird, and that such franchise was not assignable to an integrated company, such as the West Texas Utilities Company that imported its electricity over highlines; second, that the original grantee of the franchise was subject to regulation by the City and penalties provided by law for local companies, and, therefore, such franchise could not be transferred without the City's express consent to an integrated company

(the appellee), which was not subject to regulations and control by the City.

In the outset we state that we do not interpret this Court's opinion in the City of Baird v. West Texas Utilities Co., 145 S.W. 2d 965, or the opinion of the Supreme Court in the same case, 136 Tex. 148, 148 S.W.2d 392, as having judicially determined that the West Texas Utilities Company was not subject to the control of the City of Baird insofar as legislation has undertaken or may hereafter undertake to grant such control or power to regulate. What both courts held is stated in the syllabus of the Supreme Court's opinion as follows: "The statutes requiring certain reports to be filed with city authorities by gas and light companies furnishing gas or light to inhabitants of city, and imposing penalties for willful refusal to make reports, are applicable only to public utilities operating in one municipality. Vernon's Ann.Civ.St. arts. 1121, 1122."

That holding related to the filing of a certain type of reports called for in said articles and did not embrace the question here raised.

■ We think the words "its successors and assigns" following "The Baird Light and Ice Company" in the franchise granted by the City are significant in their bearing on the Company's right to assign, and that such words call for the application of the rule of law stated in 26 Corpus Juris page 1038, Sec. 89, 37 C.J.S., Franchises, § 25, as follows: "The language of the grant sometimes expressly or impliedly permits a transfer of the franchise. Thus a grant to a grantee or assigns has been held sufficient to authorize an assignment without further consent." Citing many authorities.

In the instant case the transfer and the authority to transfer are not limited in scope.

As if to emphasize the general right of alienation as respects the holder of the franchise and any grantee thereof, the ordinance granting the franchise in the instant case uses the expression "The Baird Light and Ice Company, its successors and assigns," three different times. We believe this carried authority to the Baird Light and Ice Company to sell and transfer its property and franchise to the West Texas Utilities Company without further consent of the City at the time it was made.

**654**

The rights acquired by an assignee purchasing such property and franchise under the circumstances of this case are discussed and upheld by the following authorities as vested or valuable property rights: Mayor, etc., of City of Houston v. Houston City Street Railway Co., 83 Tex. 548, 19 S.W. 127, 29 Am.St.Rep. 679; 19 Tex.Jur. pages 876, 877, sec. 3; 23 Amer.Jur. 736, 737, sec. 28; City of Owensboro v. Cumberland Telephone & Telegraph Co., 230 U.S. 58, 33 S.Ct. 988, 57 L. Ed. 1389; Boise Artesian Hot & Cold Water Co. v. Boise City, 230 U.S. 84, 33 S. Ct. 997, 57 L.Ed. 1400; Ohio Public Service Co. v. State of Ohio, 274 U.S. 12, 47 S.Ct. 480, 71 L.Ed. 898.

The rule stated in 19 Tex.Jur. page 876, sec. 3, is as follows: "In character and nature a franchise is essentially in all respects property, and is governed by the same rules as to its enjoyment and protection and is regarded by the law precisely as other property. Invasion of a franchise is an invasion of a property right."

Concerning such franchise it was held in the Owensboro case [230 U.S. 58, 33 S.Ct. 992, 57 L.Ed. 1389]: "It vested a property right, capable of passing to an assignee, and did in fact pass to the present consolidated company * * *."

In the Ohio Public Service Co. case [274 U.S. 12, 47 S.Ct. 481, 71 L.Ed. 898] it was held in part that the rights acquired under such franchise "were assignable without further consent by the village."

Independently of the above conclusions, we are of the opinion that since the "West Texas Utilities Co. has expended large sums of money supplying electricity to its customers continuously since it purchased the franchise and assets of the Baird Light and Ice Co. on January 2, 1923, and (has) sold electricity to the City of Baird as a customer for its streets and public buildings from January 2, 1923, until the City completed its own plant in the year 1940 * * * (has) been paying taxes to said City on its property since January 2, 1923," it should, we think, be conclusively presumed that the City of Baird consented to the sale and transfer of said properties and franchise at the time the Utilities acquired the same. This should be the effect of the City's allegations and admissions that it dealt with the appellee as the purported owner of the franchise for 17 years and taxed and purchased electricity from it. The franchise became a vested right which may not be disturbed or destroyed in the manner indicated by this suit. Mayor, etc., v. Houston Street Railway Co., 83 Tex. 548, 19 S.W. 127, 29 Am.St.Rep. 679; 19 Tex.Jur. page 876, 877, sec. 3.

Further, there is no complaint here that the Utilities Company has failed to furnish an abundance of power and electricity to the City and other customers as contemplated by the franchise, and this suit is not an attempt to make the West Texas Utilities Co. do or perform any character of service which it, the City, alleges the franchise intended should be done thereunder. The effect of this suit is one of ouster, working a forfeiture of property rights of holder in connection with the franchise. Such would be in contravention of appellee's constitutional rights under Article 1, sec. 19, Constitution of Texas.

Neither do we discover anything in the facts presented or the law applicable to the same which would in any way preclude the alleged acquisition of the property and franchise by the Utilities Company, an integrated company. It is alleged that the City of Baird is incorporated under the general laws of Texas. As such it has the power conferred on it by the State to regulate by ordinance the rates and compensation (not to exceed 8% per annum) to be charged by all persons, companies and corporations, using the streets of said city and engaged in furnishing among other things, light or power, and also to prescribe the rules and regulate and fix penalties to enforce said rules and regulations. Art. 1119, R.S.1925, Vernon's Ann. Civ.St. art. 1119; Texas-Louisiana Power & Light Co. v. City of Farmersville, Tex. Com.App., 67 S.W.2d 235. That statute is still in effect and was in effect when this suit was filed. The allegations of plaintiff reflect that the Utilities Company is subject to such regulations by the City.

We do not find that the franchise in question necessarily intended to confine the operations of "The Baird Light and Ice Company, its successors and assigns" within the limits of the City of Baird. Neither the language of the franchise nor the law made such mandatory requirement. In its essence, the franchise contemplated that the holder or owner there-

of would make electricity for power and light available to such persons (customers) of the City of Baird as might desire to purchase the same, and we do not believe that the authorities granting the franchise were attempting to require the holder of the same to maintain a power plant in the city limits of Baird ·or at any other particular place any more than such authorities were attempting to require such holder of the franchise to generate electricity by the use of some particular fuel, such as coal, oil, gas or wood. It is not contended that the Utilities has failed to furnish electricity to meet above requirements.

█ Prior to the granting of said franchise and as early as 1911 the Legislature enacted Art. 1435 of the Revised Civil Statutes of Texas. That law authorized no different kind of electric company but applies to all such companies alike. Then and for the first time the law of this State provided that, among others, an electric company should have the power not only to generate and sell electricity, but also to transport same, and the right was then given them to construct, maintain and operate such plants, apparatus, poles, wires, etc. "as may be necessary to operate such lines at and between different points in this State." That law applies to all electric companies, and since the passage of that statute such companies have had the right to transport electricity from point to point over highlines. That is what the West Texas Utilities Company is doing in the present case and what is apparently being done all over the State. It is of such common knowledge that we think it may be judicially known that the electric companies and the various units thereof are so connected that if one fails to perform, power may immediately be turned on from some other section of the system. Hence we conclude there is no legal obstacle to the acquisition by the Utilities Company (an integrated company) of the plant and franchise of the Baird Light and Ice Company. Both are electric companies incorporated under the same law.

█ It follows that we do not hold that such integrated companies are not subject to reasonable control of the city in which they operate, at least to the extent such control has been delegated to such city by the State, or may hereafter be so delegated by legislative authority. Texas-Louisiana Power & Light Co. v. City of Farmersville, Tex.Com.App., 67 S.W.2d 235. The assumption by the appellant that such integrated companies are not in the control of the city where they operate is too broad. Municipal authorities incorporated under the general laws—the City of Baird being one—have the right of certain reasonable regulation and control of electric companies operating therein. Art. 1119, R. C.S. 1925. This is true, notwithstanding the West Texas Utilities Company, the present owner of the franchise, does not have to file certain reports with said City which would be required of a company operating in one town. City of Baird v. West Texas Utilities Company supra.

█ Further, if such cities had no power to regulate such utility companies at all, that would not forfeit or destroy their property rights or render a franchise void.

The opinion in Consolidated Water Company et al. v. City of Talco, Tex.Civ.App., 116 S.W.2d 411, does not support any proposition submitted herein by the appellant. In that case it was held that "the transporting of water through pipelines into city by a company under a franchise permitting the company only to transport oil or gas amounted to wrongful use of the franchise, and would be restrained at the instance of the city, which had its own water system with which the company was competing." That is a correct decision based on the simple fact the city had granted no franchise at all for the transportation of water.

█ We are also of the opinion that the franchise granted the Baird Light and Ice Co. and thereafter sold and transferred to the West Texas Utilities Company in no way offends against any statute or constitutional provision forbidding the granting or creation of monopolies. The franchise went no further than to grant the right to furnish light and power to all public and private customers voluntarily becoming such. The City of Baird made no exclusive grant to the Light and Ice Company to furnish power and light to the inhabitants of the City of Baird. The word "customers" is not so all-inclusive as the word "inhabitants", and the franchise did not contravene the monopoly statutes (Art. 1, sec. 17, Texas Constitution) as did the franchise contained in such cases as Ennis

Waterworks v. City of Ennis, 105 Tex. 63, 144 S.W. 930; City of Brenham v. Brenham Waterworks Company, 67 Tex. 542, 4 S.W. 143.

The construction above given renders the ordinance or franchise valid and legal, and when language is reasonably susceptible to such interpretation, that construction should be adopted, which places the franchise in harmony with the Constitution. Ennis case, supra. An exclusive grant will not be declared or found unless given by express terms or by clear implication. Ennis case.

Foregoing conclusions necessarily require that we overrule the contention that the Utilities Company had abandoned or forfeited its rights or franchise on the grounds of alleged "non-user" and "mis-user". Further, the alleged facts do not show such. Forfeitures are not favored.

Being of the opinion the allegations of the petition and the supplemental agreed facts are insufficient to state a cause of action, appellant's points are overruled, and the judgment of the trial court is affirmed.