**Sidney O. SAMPSON, Plaintiff,**

v.

**AMPEX CORPORATION, Defendant.**

**69 Civ. 43.**

United States District Court,
S. D. New York.

Dec. 9, 1971.

———◆———

Sidney O. Sampson, pro se.

Burke & Burke, New York City, Fitch, Even, Tabin & Luedeka, Chicago, Ill., for defendant by George I. Harris, New York City, John F. Flannery, Chicago, Ill., of counsel.

GURFEIN, District Judge.

This is an action for infringement of United States Patent No. 3,233,512, issued February 8, 1966 to plaintiff Sidney O. Sampson. The patent is entitled "STEREO TAPE CONTROL APPARATUS FOR A SLIDE PROJECTOR," and the invention which it embodies is an educational device combining a tape recorder and slide projector. There is jurisdiction and venue under 28 U.S.C. §§ 1338(a) and 1400(b). The plaintiff appears *pro se.*

On October 22, 1971, (333 F.Supp. 59), the defendant's motion for summary judgment pursuant to Fed.R.Civ.P. 56 was granted on the ground that the plaintiff's patent was invalid under 35 U.S.C. § 102(b). The reason for the invalidity was that the plaintiff had lost his right to secure a patent by describing his invention in a printed publication "more than one year prior to the date of application for patent" (*ibid*). Judgment thereon was entered on October 27, 1971.

The plaintiff now tenders four motions, all supposedly pursuant to General Rule 9(m) of this Court. That Rule reads as follows:

"(m) A notice of motion for reargument shall be served within ten (10) days after the filing of the court's determination of the original motion and shall be made returnable within the same period of time as required for the original motion. There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked. . . ."

The plaintiff, in fact, submits no "matters or controlling decisions" which he could reasonably believe that this Court overlooked. Instead, the essence of his motion is that he disagrees with my previous decision. While the plaintiff obviously has the right to disagree, in these days of congested calendars, the Court cannot afford to be overly hospitable to reworded briefs submitted in the guise of motions to reargue. Nevertheless, in light of my previously stated reluctance to grant summary judgment here because of technical failures in applying for a patent, and in the light of the plaintiff's *pro se* status, I shall give this plaintiff's motion further consideration in detail.

The first of his four motions requests this Court to reconsider his arguments and consequently to deny the defendant's motion for summary judgment. Specifically, he forwards seven grounds for disagreement, which will be treated in sequence.

■ 1. The plaintiff argues that summary judgment for the defendant in this case would prejudice his rights in a copending suit in this Court, which involves another later patent allegedly containing a cross-reference to Patent No. 3,233,512, the patent in the instant suit. Although the plaintiff fails to clarify

the nature of this prejudice, if in any way the validity of the later patent depends on the validity of the patent in this suit, that would hardly be an argument for denying the defendant's motion for summary judgment. Regardless of the consequences in other actions, the patent in this suit is invalid and the defendant is entitled to summary judgment.

Nor is this alleged prejudice an argument for delaying decision of the defendant's motion. Rather, notions of judicial economy urge immediate decision here, so that the other action can proceed on the basis of full information regarding the invalidity of this cross-referenced Patent No. 3,233,512.

2. A basis for my earlier decision, now incorrectly characterized by the plaintiff as the "*sole* basis," was that the 1963 application failed to make specific reference to the 1961 application. The plaintiff complains that it was the Court, not the defendant, who discovered this failure and that, therefore, "the Court has improperly taken upon itself the duty to act as an 'adversary' *against* the Plaintiff in favor of the Defendant." In fact, the whole theory on which that part of my opinion rested—that theory being referred to therein as "the alternate reading of [35 U.S.C.] § 120"—was not even explicitly argued by the plaintiff. Instead, the Court presented that argument *sua sponte* in an effort to explore every possible avenue to upholding the plaintiff's patent. If the Court elaborates a theory favorable to the plaintiff, but the Court ultimately concludes that even under that theory the plaintiff must fail, surely the Court cannot be characterized as an "adversary" of the plaintiff.

In any case, the Court must apply the law and it cannot depend exclusively on the parties' suggested application of the law to the facts. Moreover, the objections the plaintiff now makes to the Court's application of the law regarding this issue are met in points # 3–6 *infra*.

3. Next, the plaintiff argues that 35 U.S.C. § 282 (presumption of validity) precludes summary judgment whenever a Court entertains any sort of reservation. The Court, in fact, addressed itself to the role of § 282 in its prior opinion.

4. The plaintiff observes that Patent Office Rule 78(a) stated at the pertinent time:

"The second application must contain or be amended to contain a reference in the specification to the prior application . . . ."

He then argues (a) that amendment may be made at any time, and (b) that it is possible that his abandoned 1963 application could be revived and then amended to refer specifically to the 1961 application. It is true that an abandoned application can sometimes be revived under Patent Office Rule 137, if the applicant can show that the delay in prosecuting the application was "unavoidable," and it is also true that the applicant could thereafter make amendments.

However, this theory will not aid the plaintiff. In the first place, he has taken no steps to implement his theory, so that even the remote possibility of its being allowed by the Patent Office has no effect on the *present* invalidity of the patent in suit. Secondly, the idea which underlies this whole argument by plaintiff, as well as that discussed in point #2 *supra*, is the so-called "alternate reading of § 120." It must be noted that the Court ultimately rejected that reading in an alternative holding. Therefore, even if the 1963 application were amended to refer adequately to the 1961 application, the plaintiff would still have failed to comply with Section 120. That section requires the 1964 application to contain a *specific reference* to the 1961 application, as was held in Sticker Industrial Supply Corp. v. Blaw-Knox Co., 405 F.2d 90 (7 Cir.1968) and as was seemingly conceded by the plaintiff's discussion of *Sticker* in his memorandum of law on this motion.

5. To refute the Court's understanding of "substitute *application*," the plaintiff refers to the discussion in Patent Office Rule 125 of "substitute *specification*" (emphasis added). This Court would not suggest that "substitute" has a uniform meaning in all contexts. Quite simply, a substitute *application* is not entitled to the benefit of the filing date of an earlier application, because "substitute" there implies that the earlier application has been *abandoned*. On the other hand, the alleged lack of effect of a substitute *specification* on the filing date can be attributed to the fact that such a document is essentially an amendment to a *pending* application. See Rule 125.

6. The plaintiff also attacks the Court's understanding of "divisional application" by (a) again truistically observing that "division" can have other meanings in other contexts and (b) pointing to the rule that a divisional application is entitled to the filing date of its parent application. While the latter rule is valid, it is inapplicable to this case. The plaintiff was not claiming for the 1963 application the benefit of the filing date of its parent application of 1959, but rather was claiming the filing date of the 1961 application, which was likewise a division of the 1959 application. In other words, the plaintiff was trying to apply horizontally the divisional application rule which only operates vertically.

7. Lastly, the plaintiff argues that Section 120 does not require the use of the words "continuation" or "continuation in part." That is true, but I did not hold otherwise. All that is required of a specific reference is that it describe *in substance* a relationship that would justify giving the benefit of an earlier filing date; "the particular name applied to the relationship between applications is not important." L.Admur, Patent Office Rules and Practice § 78.1 (I. Seidman & L. Horwitz eds. 1959). The plaintiff believes that his 1964 application described such a relationship to his 1961 application; this Court held

otherwise. I now adhere to that earlier holding.

Turning now to the second of the plaintiff's four motions, we are faced with a request for "a Continuance of this Motion (for Reargument)" until the Patent Office decides upon the plaintiff's request for a certificate of correction or for a reissue patent. First, such a motion seems beyond the purview of local Rule 9(m) *supra*, since these Patent Office proceedings were not instituted until after summary judgment for the defendant had been granted. Second, no authority has been cited for the proposition that I have the power to suspend decision in this manner. It is granted that a court has discretion to deny summary judgment if there is any uncertainty as to the absence of a genuine factual issue. See 6 Moore's Federal Practice ¶¶ 56.15[6]; 56.23, at 2852–53. However, that is not the case here. Instead, I am requested to withhold decision while the plaintiff pursues possibly extensive, prolonged collateral remedies in the Patent Office.

It is the opinion of this Court that if one sues on a patent, invalid as a matter of law, and if the defendant moves for a summary judgment, the latter's motion must be granted. If subsequently a valid patent is secured, the plaintiff's remedy is to institute a new suit.

As the third of his four motions, the plaintiff moves to extend the time for filing an appeal from the judgment for the defendant entered on October 27, 1971 until this Court disposes of this new set of motions. This request is, of course, unnecessary since Fed.R. App.P. 4(a) provides that the running of the time for filing a notice of appeal is terminated by a timely motion to alter or amend the judgment under Fed.R. Civ.P. 59(e). And it has been held that a motion for reargument is such a motion to alter or amend the judgment. Vine v. Beneficial Finance Co., 374 F.2d 627, 632 (2 Cir.), cert. denied, 389 U.S. 970, 88 S.Ct. 463, 19 L.Ed.2d 460

(1967); 9 Moore's Federal Practice ¶ 204.12[1], at 951 § n. 6. The fact that the present motion might be defective or fail to provide substantial reasons to allow reargument has no effect on the termination of the running of the appeal period. See *id.* ¶204.12[3]. Thus, according to Fed.R.App.P. 4(a), the plaintiff has thirty days from the entry of this order to file a notice of appeal.

 However, it has been brought to this Court's attention that the plaintiff filed a notice of appeal on November 22, 1971, while this motion for reargument was still pending. This was probably done to preserve appellate rights seemingly in danger because of the failure of Fed.R.App.P. 4(a) to refer specifically to motions for reargument. The cautionary filing of an appeal by the plaintiff does not divest this Court of jurisdiction. Instead, that notice of appeal is premature and hence a nullity. United States v. Crescent Amusement Co., 323 U.S. 173, 177, 65 S.Ct. 254, 89 L.Ed. 160 (1944). And it is firmly established that a premature appeal cannot divest the District Court of jurisdiction.* *Id.* at 177–78, 65 S.Ct. 254; Hawkins v. Lindsley, 327 F.2d 356, 359 (2 Cir.1964); 9 Moore's Federal Practice ¶ 203.11, at 736 & n. 14. This is not to indicate that the plaintiff *pro se* has lost his right to appeal. Rather, within thirty days of the entry of this order, the plaintiff can file a new notice of appeal, which will be effective because the first notice already filed is a nullity. Ohio Public Service Co. v. Ohio ex rel. Fritz, 274 U.S. 12, 47 S.Ct. 480, 71 L.Ed. 898 (1927).

 Fourth and last, the plaintiff requests an oral hearing on this set of motions, that his newly-acquired patent attorney be allowed to make oral argument, and that the attorney be allowed to submit affidavits in support of these motions. In view of the lack of substance of these motions, the Court de-

nies this request for oral argument and submission of affidavits. See Local Rule 9(m). The plaintiff's attorney can present his arguments on appeal if one is taken. Since only questions of law are involved the plaintiff would be better advised to appeal promptly than to press for reargument.

For the reasons stated above, the plaintiff's motions are denied in their entirety.

So ordered.

---

* Even if that were not so, a Court whose jurisdiction has been divested by the filing of an appeal is empowered to *deny* relief on a post-judgment motion. Ryan v. United States Lines Co., 303 F.2d 430, 434 (2 Cir. 1962); 9 Moore's Federal Practice ¶ 203.11, at nn. 6 & 10.