EDMUND FRANCIS MADDEN *v.* MARY JANE MADDEN.

No. 4090.

ARGUED FEBRUARY 2, 1959.             DECIDED FEBRUARY 12, 1959.

RICE, C. J., STAINBACK AND MARUMOTO, JJ.

*Per Curiam.* Appellee has moved for an order:

(a) striking appellant's opening brief;

(b) dismissing the appeal, taken on January 6, 1958, from the "Final Order Determining Questions Concerning Alimony, Attorneys' Fees, Costs, Expenses, Division and Distribution of Marital Estate as Reserved in Decree of Divorce," entered on December 13, 1957;

(c) dismissing the appeal, taken on July 15, 1958, from the "final order" of December 13, 1957, and from the "Order Denying Motion to Set Aside Final Order Determining Reserved Questions and to Grant a Final Hearing Thereon," entered on June 24, 1958; and

(d) affirming the "final order" of December 13, 1957, and the order of June 24, 1958, denying the motion to set aside such final order.

The motion is based on the alleged failure of appellant to take the necessary procedural steps on appeal within the times limited in Hawaii Rules of Civil Procedure.

The following is the pertinent chronology:

December 13, 1957: Circuit judge entered his "final order."

December 17, 1957: Appellant filed her motion to set aside the final order and for other relief.

January 6, 1958: Appellant filed her notice of appeal from the final order of December 13, 1957.

June 24, 1958: Circuit judge entered his order denying the motion to set aside the final order and for other relief.

July 15, 1958: Appellant filed her "amended notice of appeal" from the final order of December 13, 1957, and the order of June 24, 1958, denying the motion to set aside the final order and for other relief.

July 16, 1958: Appellant filed her designation of contents of record on appeal.

July 23, 1958: Appellant filed the record on appeal and docketed the appeal in this court.

July 24, 1958: Appellant filed her bond on appeal in the circuit court.

The "final order" of December 13, 1957, was an appealable judgment. Rule 73(a) of the Hawaii Rules of Civil Procedure requires an appeal to be taken within 30 days from the entry of the judgment appealed from. However, the running of the time for appeal is terminated by a timely motion for judgment under rule 50(b), to amend or make additional findings of fact under rule 52(b), for a new trial under rule 59(a), or to alter or amend a judgment under rule 59(e). If such motion is made, the full time for appeal commences to run from the entry of an order on the motion.

Appellant's motion to set aside the final order and for other relief was a motion to alter or amend a judgment under rule 59(e), although not denominated as such. Under the rules, the substance

of the pleading controls, not the nomenclature given to the pleading. Thus, in *Steward* v. *Atlantic Refining Co.*, 235 F. (2d) 570, 572, a motion to set aside the judgments in favor of the defendant and to enter judgments in favor of the plaintiffs was held to be a motion to alter the judgments under rule 59(e).

A motion to alter or amend a judgment under rule 59(e) is required to be served not later than 10 days after the entry of the judgment. Here, appellant served her motion within 4 days after the entry of the final order. So, the motion was timely.

Being uncertain whether her motion came within the scope of any motion that terminated the running of the time for appeal, appellant filed her first notice of appeal 24 days after the entry of the final order. In the notice, she added a caveat stating that it was filed in order not to be foreclosed in the future from the remedy of appeal, should her motion be later determined not to have terminated the running of the time for appeal.

An appeal properly taken divests the trial court of its jurisdiction over the appealed case, except for the entry of certain orders relating to further procedural steps not material here. Consequently, if the filing of the final notice of appeal operated as an effective appeal, jurisdiction over the case would have passed from the circuit judge to this court and any subsequent action of the circuit judge on the motion would be a nullity. To appellant, such a result would be ironic, for a step which she took in abundance of caution would then constitute an abandonment of a motion which she so assiduously pursued.

Under the rules, it is not clear whether the pendency of any motion that terminates the running of the time for appeal nullifies the effect of a notice of appeal filed before the disposition of the motion.

The Court of Customs and Patent Appeals held in *In re Allen*, 115 F. (2d) 936, 941, "that upon the filing of a notice of appeal from an appealable decision * * * with the commissioner, the subject matter of the appeal is transferred to this court, and that thereafter until the appeal has been disposed of by us the tribunals of the Patent Office have no jurisdiction to grant a motion for reconsideration of the decision appealed from, even though such motion was made before the filing of such notice of appeal."

The United States Court of Appeals of the Third Circuit has taken a contrary position. In *Green* v. *Reading Co.,* 180 F. (2d) 149, it dismissed an appeal taken during the pendency in the trial court of a motion for judgment under rule 50(b) on the ground that such motion suspended the finality of the judgment appealed from and rendered the appeal premature. It stated: "Ordinarily, appeals are not taken from orders denying motions for new trial and for judgment, but from the docketed judgment to which they are directed. Nevertheless, the filing of such motions is not limited in effect to mechanical enlargement of the time within which appeals must be taken for the motions operate to vest in the trial judge continued control over the judgment, and until the motions are disposed of the judgment does not become final for the purposes of review. Therefore, where, as here, a motion for judgment remains to be acted upon below, there is lacking the 'final decision' necessary to our appellate jurisdiction." The court reached the same result on identical set of facts in *Healy* v. *Pennsylvania R. Co.,* 181 F. (2d) 934.

We think that the position of the Court of Appeals of the Third Circuit is more in consonance with reason than the position of the Court of Customs and Patent Appeals. It is also in accord with the decisions of the Supreme Court of the United States in *Ohio Public Service Co.* v. *Fritz,* 274 U.S. 12, and *United States* v. *Crescent Amusement Co.,* 323 U.S. 173. Following the Supreme Court of the United States and the Court of Appeals of the Third Circuit, we hold that appellant's first notice of appeal was a nullity.

Appellant's first notice of appeal being a nullity, the jurisdiction over the case remained in the circuit judge, and he had the authority to enter his order denying appellant's motion. Upon the denial of the motion, the final order again became appealable. Appellant filed her "amended notice of appeal" 21 days after the denial of the motion, well within the time for appeal specified in rule 73(a). The appeal taken by the filing of the amended notice of appeal is the effective appeal. The time limits for all of the further steps to secure the review of the final order commenced to run from the filing of the amended notice of appeal.

*Ohio Public Service Co.* v. *Fritz, supra,* is in point, although it was decided before the adoption of the Federal Rules of Civil Pro-

cedure. In that case two writs of error were sued out, No. 210 pending a motion for rehearing and No. 264 after the motion was denied. The court held: "These two writs of error were sued out at different stages of the same cause; the first while a timely application for rehearing was pending; the second after this had been denied. Under the circumstances, plaintiff in error may rely upon the latter writ and No. 210 will be dismissed." A similar holding is found in *United States* v. *Crescent Amusement Co., supra,* from which we quote the following, at page 177:

> "Before we come to the merits there is a preliminary question as to whether the appeal of the United States in No. 17 is premature. The District Court entered a final judgment in this case on May 17, 1943. On the sixtieth day after judgment there were motions pending to amend the findings. On that day the appeal was applied for and allowed. On August 30, 1943, the court ruled on the motions to amend its findings. Within sixty days thereafter the United States applied for the appeal in No. 18 and it was allowed. The appeal in No. 17 was filed here at the same time as that in No. 18. The appellees move to dismiss No. 17 on the ground that it was premature and to dismiss No. 18 on the ground that the District Court by allowing the first appeal lost jurisdiction of the cause and was without power to allow a further appeal. We think the motion to dismiss the appeal in No. 17 must be granted and the motion to dismiss the appeal in No. 18 denied.
>
> "The motion to amend the findings tolled the time to appeal if it was not addressed to 'mere matters of form but raised questions of substance,' e.g., if it sought a 'reconsideration of certain basic findings of fact and the alteration of the conclusions of the court.' *Leishman* v. *Associated Electric Co.,* 318 U.S. 203, 205. An examination of the motion makes plain that matters of substance were raised. The appeal in No. 17 was accordingly premature. *Zimmern* v. *United States,* 298 U.S. 167. But it does not follow that the District Court had no jurisdiction to allow the appeal in No. 18. An appeal can hardly be premature (and therefore a nullity) here and yet not premature (and therefore binding) below. Under these circumstances an appellant may

rely upon the later appeal (*Ohio Public Service Co.* v. *Fritz,* 274 U.S. 12) and not run the risk of losing an appellate review on the appeal first allowed. Cf. *Wilentz* v. *Sovereign Camp,* 306 U.S. 573."

After filing her amended notice of appeal, appellant promptly served on the appellee and filed in the circuit court the designation of contents of record on appeal as required under rule 75(a). She also filed the record on appeal and docketed the appeal in this court in compliance with rule 73(g). She did not file her bond for costs on appeal with the amended notice of appeal as required under rule 73(c). She filed the bond in the circuit court 9 days later, one day after the appeal was docketed in this court.

Under rule 73(a) compliance with the time requirement as to the filing of the notice of appeal is jurisdictional. Failure to take any of the further steps to secure the review of the judgment appealed from does not affect the validity of the appeal but is ground for such action as the court deems appropriate, which may include dismissal of the appeal. We think that appellant's failure to file the bond with her amended notice of appeal does not warrant the extreme penalty of dismissal. This is not like *Clifford* v. *Clifford,* 43 Haw. 48, or *In the Matter of the Estate of Matthewman,* 43 Haw. 90, which involved total indifference to the rules.

The bond was filed in the circuit court after the appeal had been docketed in this court. Appellant has not applied to this court for leave to file the bond pursuant to rule 73(e). We *sua sponte* grant such leave.

Appellee's motion is denied.

*Robert G. Hogan* (*Hogan & Howell*) for appellee, for the motion.

*Ralph E. Corey* (*Clark & Corey*) for appellant, contra.