## JAMES YEE MARN AND HUNG NGO YEE MARN *v.* HOWDY REYNOLDS.

### No. 4200.

April 5, 1961.

TSUKIYAMA, C. J., CASSIDY, WIRTZ, LEWIS, JJ., AND CIRCUIT JUDGE MIZUHA ASSIGNED BY REASON OF VACANCY.

*Per Curiam.* In the above-entitled cause, petitioner has filed a petition for rehearing together with a rather unique motion entitled a Motion to Withdraw and Amend the

Opinion. Both are consolidated in this ruling for the reason that the motion is incorporated in the petition by reference and we deem it to have no independent status. In the light of the matters presented in the petition proper, we have reviewed the court's opinion and find that the points urged by petitioner are repetitive, being similar in substance to those heretofore raised in his briefs and argument on appeal. They were fully considered in rendering the opinion. With due deference, we do not share counsel's misgiving that our interpretation of the applicable provision of our rules of civil procedure will not be understood.

The motion to withdraw and amend the opinion is a supplementation of the petition and manifests counsel's objection to the manner in which this court treated the subject of his purported amendment of the designation of the record on appeal. The motion is based upon matters largely dehors the record and at all events presents nothing that we deem material. For example, stress is placed upon the fact that the record shows the Clerk of the Court initialed the notation on the designation of the record after counsel had made and signed it. We deem this immaterial since the clerk obviously had no authority to permit an amendment of a designation in this manner. By the affidavit of the clerk and his own affidavit counsel goes outside the record to show that immediately after making the notation he notified adverse counsel of it by telephone. We deem this also immaterial; an obvious reason being that it was not service within the meaning of the rules (H.R.C.P., Rule 5(b)). If language seemingly disagreeable to counsel appears in the opinion, it was used to give emphasis to this court's disapproval of what it considers to be an unacceptable method of amending a designation of the record on appeal, and not to cast reflection on counsel's integrity.

Our rules provide: "There shall be no oral argument on a petition for rehearing * * *." We deem this rule equally applicable to a motion such as has been presented here.

The petition and the motion are accordingly denied without argument.

*J. Frank McLaughlin* for the petition.