YUKIE SANDRA SCOTT *v.* DANIEL S. C. LIU, INDI-
VIDUALLY AND AS CHIEF OF POLICE OF THE
CITY AND COUNTY OF HONOLULU, JOHN
DIXON, MICHAEL H. S. CHUN, THOMAS J.
CARLOS, HOLAIKU L. DRAKE AND ABRAHAM
AIONA.

No. 4316.

FEBRUARY 13, 1963.

TSUKIYAMA, C.J., CASSIDY, WIRTZ, LEWIS
AND MIZUHA, JJ.

*Per Curiam.* On December 19, 1962 appellants filed a
petition for rehearing, asserting in various forms that the
court did not give sufficient consideration to the under-
standing of the trial judge as to the finality of the order of
December 29, 1961, denying the motion for new trial. On
December 22, 1962 we requested a reply under our Rule
5(b).[1] The court was unanimous in this request and in the
admonition contained therein "that this directive is not to
be taken as any indication that the Court considers that
the petition for rehearing properly, either in form or sub-
stance, presents grounds for relief under Hawaii Rules of
Civil Procedure, Rule 60(b), or that by it the application
for such relief is made in the proper forum."

Careful consideration has been given to the petition
and supporting memoranda, and to the reply filed January
29, 1962. We find the petition insufficient to support a
grant of rehearing.

---

[1] By inadvertence, counsel for petitioner Daniel S. C. Liu did not
receive notice thereof until December 27, 1962.

Assuming for present purposes that petitioners are correct in their contention that reconsideration of the motion for new trial was implicit in the action of the court on January 17, 1962 in taking under advisement the matter of writing an opinion,[2] and assuming further that the court intended to delay the finality of the order entered December 29, 1961 denying a new trial, and could do so without violation of H.R.C.P., Rule 6(b) by reinstating the motion for new trial while further considering said motion,[3] the point remains that no entry to that effect was made on the record,[4] nor was there any entry of the court's action on the motion of January 5, 1962 (which sought to set aside the order entered December 29, 1961) until March 19, 1962, at which point the time for appeal already had run. *Cf., Deena Products Co.* v. *United Brick & Clay Workers of America,* 195 F.2d 612 (6th Cir.). So there was nothing entered to which a liberal construction could be accorded to save appellants' rights. *Cf., Harris Truck Lines, Inc.* v. *Cherry Meat Packers, Inc.,* 371 U.S. ——, 83 S.Ct. 283, 9 L. Ed. 2d 261; *Yanow* v. *Weyerhaeuser S.S. Co.,* 274 F.2d 274, 282 (9th Cir.). Petitioners fail to meet the point stated in the last headnote of the opinion herein.

The December 29, 1961 order was not ambiguous or open to construction. It read:

_____

[2] Petitioner Daniel S. C. Liu asserts that on January 17, 1962 "the trial court again announced that it intended to write a decision 'promptly.'" This assertion is not supported by the record. The pertinent portion of the minutes of January 17, 1962 was set forth in our opinion. No transcript of the hearing of that date has been furnished.

[3] We have made no holding on this point. In support of it, *Kelly* v. *Pennsylvania R.R.,* 228 F.2d 727 (3d Cir.), was cited upon the argument of the motion to dismiss the appeal and again is cited. In our opinion we distinguished *Kelly* by reason of the nature of the matter before the court on January 17, 1962, as shown by the motion of January 5, 1962 and the minutes of January 17, 1962. However, as will appear, we do not rest the denial of the petition for rehearing on the distinction so made.

[4] See *State* v. *Bulgo,* 45 Haw. 501, 503, 370 P.2d 480, 482; *State ex rel. M. J. Gorzik Corp.* v. *Mosman,* 315 S.W.2d 209 (Mo.); *McDowell* v. *Dye,* 193 Va. 390, 69 S.E.2d 459; *Losee* v. *Dolan,* 74 N.Y. Supp. 685.

"Good cause appearing, IT IS HEREBY OR-
DERED THAT the motions for new trial heretofore
filed herein are hereby denied."

Thus the order of December 29, 1961 beyond question was
an order "denying a motion for a new trial under Rule
59," and the time for appeal commenced to run under the
plain provisions of H.R.C.P., Rule 73(a). The cases cited
by petitioners[5] are not in point.

It further is argued that Rule 73(a) is not as restric-
tive as we find it to be. Except for the point reserved in
note 3, *supra,* this argument does not merit consideration.
The basic error therein is the assumption that the order
of December 29, 1961 denying new trial in itself was ap-
pealable apart from the judgment of August 30, 1961.
That assumption is unfounded. See *Stafford* v. *Dickison,*
46 Haw. 52, 57, 374 P.2d 665, 668; 6 Moore, *Federal Prac-
tice,* § 59.15(1) at 3892 (2d ed.).

Petitioners urge, in the alternative, that this court re-
mand the cause to the circuit court "with leave to appel-
lants to apply for relief under H.R.C.P., Rule 60(b)."
Such a provision in the remand would be inappropriate.
In *Kealoha* v. *Tanaka,* 42 Haw. 630, this court had a timely
appeal before it, but in this case on the present record we
do not. Upon dismissal of the appeal the circuit court will
have jurisdiction to consider any motion that may be made
under Rule 60(b).

---

[5] *United States* v. *Schaefer Brewing Co.,* 356 U.S. 227, 232, holding
"While an opinion may embody a *final decision,* the question whether it
does so depends upon whether the judge has or has not clearly declared
his intention in this respect in his opinion"; *United States* v. *Higginson,*
238 F.2d 439 (1st Cir.), holding that where an opinion was given and
formal judgment was rendered later, the latter was the judgment;
*Blanchard* v. *Commonwealth Oil Co.,* 294 F.2d 834 (5th Cir.), similar;
*In re Forstner Chain Corp.,* 177 F.2d 572 (1st Cir.), holding that a judg-
ment may be contained in an opinion of the court if that is intended,
considering the record as a whole and the local practice; *Securities &
Exchange Comm'n* v. *Jean R. Veditz Co.,* 22 F.R.D. 479 (S.D.N.Y.), hold-
ing that an announcement by the court "I will deny the injunction" was
not the judgment of the court, though the clerk entered on the docket
"Judgment in favor of defendant."

292

Petition denied. Tsukiyama, C.J., and Cassidy, J., having dissented from the majority in the original opinion, do not concur.