IN THE MATTER OF THE TRUST CREATED BY
DECLARATION OF TRUST OF WILLIAM
McBURNEY DEAN, DATED NOVEMBER 14, 1944,
AND SUBSEQUENTLY AMENDED.

No. 4252.

DECEMBER 3, 1963.

TSUKIYAMA, C.J., CASSIDY, WIRTZ AND LEWIS, JJ.,
AND CIRCUIT JUDGE JAMIESON,
IN PLACE OF MIZUHA, J., DISQUALIFIED.

OPINION OF THE COURT BY LEWIS, J.

We are confronted with a jurisdictional question. Notice of appeal was prematurely filed on May 16, 1961. Though judgment was entered on May 3, 1961, a timely "Motion to Amend and Supplement Findings of Fact and Conclusions of Law and Motion for New Trial" was filed on May 8, 1961. This tolled the time for appeal until entry on May 20, 1961 of the order partially granting the motion to amend and denying a new trial. *Madden v. Madden,* 43 Haw. 148; H.R.C.P., Rule 73(a). The court's oral ruling on May 12, 1961 did not start the appeal period

running anew because entry of an order was required to do that. *Cf., Scott* v. *Liu,* 46 Haw. 221, 225, 377 P.2d 696, 700, *reh'g den.,* 46 Haw. 289, 290, 378 P.2d 880, 881; *Healy* v. *Pennsylvania R.R.,* 181 F.2d 934 (3d Cir.).

While *Madden* holds that a notice of appeal is premature and a nullity when filed while the time for appeal is tolled, it also holds that an "amended notice of appeal" filed at the proper time is effective. Here the factual situation is not the same, and the question is what will suffice to constitute refiling of the notice of appeal at the proper time.

In *Carter* v. *Campbell,* 285 F.2d 68, 71 (5th Cir.),[1] notice of appeal was prematurely filed, but within the proper appeal period (sixty days in this instance) appellant's attorney served an application for extension of time for filing the record and obtained a court order granting the extension, also obtained an order for transmission of the original exhibits and an order granting leave to prosecute the appeal on the original record. The court held:

"On the assumption that appellant's notice of appeal filed December 14, 1959 was a nullity and that the time for appeal began to run only when the formal judgment was entered December 23rd, we think that the actions taken within sixty days from December 23rd are sufficient to constitute timely notice of appeal."

In *Federal Deposit Ins. Corp.* v. *Congregation Poiley*

---

[1] Appellees contend that the Fifth Circuit follows a "liberal rule," citing *United States* v. *Stromberg,* 227 F.2d 903, 904-05 (5th Cir.), quoted in *Carter* v. *Campbell, supra,* pp. 71-72. Appellees say this is a minority rule, but in the light of *Foman* v. *Davis,* 371 U.S. 178, 9 L. Ed. 2d 222, 83 S. Ct. 227, that is questionable. In any event, we are of the view that *Carter* was rightly decided. On the exact point here at issue no case other than *Carter* has been cited. We express no opinion as to the acceptability of decisions in which the appeal was sustained on the basis of papers, not styled as notices of appeal, filed during the proper appeal period without there being on file any notice of appeal to which such papers could give life.

*Tzedeck,* 159 F.2d 163, 166 (2d Cir.), Judge Learned Hand described the minimum requirements of a notice of appeal as follows:

"* * * The least requirement, which will be tolerable, is that some paper shall be accessible in the records of a court upon which both judges and parties can rely. * * *"

In passing upon what will suffice as a notice of appeal, more stress should be put upon what appears of record than the wording of it. *Estate of Chinn,* 44 Haw. 613, 620, 359 P.2d 932, 935-36. The requirements of a notice of appeal are that it be filed with the circuit court, specify the parties taking the appeal, and designate the judgment or part thereof appealed from. H.R.C.P., Rule 73(a)(b). It also is required that notification of the filing of the notice of appeal shall be given by appellant by serving the same. Rule 73(b). But service is not essential to the validity of the appeal. Rule 73(a).

In the present case within the proper appeal period—which commenced May 20, 1961 upon the entry of the order disposing of the motions of May 8, 1961—appellants filed a supersedeas bond signed by themselves as principals, reciting that judgment was entered in the First Circuit Court on May 3, 1961 against the principals, and that the principals had filed "a notice of appeal from said judgment to the Supreme Court of the State of Hawaii on the 3d [*sic*] day of May, 1961." Thus the parties taking the appeal and the judgment appealed from were specified. The bond was conditioned for the diligent prosecution of the appeal. Hence the bond reaffirmed the intention to appeal and did so of record. Appellees were not misled;[2] they appeared in this court, briefed the case on the merits,

---

[2] *Cf., Estate of Chinn, supra,* 44 Haw. at 620, 359 P.2d at 935-36; *Foman* v. *Davis, supra,* 371 U.S. 178, 9 L. Ed. 2d 222, 83 S. Ct. 227.

and in their answering brief agreed that this court had jurisdiction. Thereafter this court sua sponte raised the jurisdictional question.

Conceding that the notice of appeal filed May 16, 1961 was a nullity, nevertheless by reference thereto in the supersedeas bond it was given life and in effect refiled. The doctrine of *Scott* v. *Liu* has no application where, as here, there is something of record that serves the purposes of the rules governing appeals.

Accordingly, we hold that this court has jurisdiction, and will hear argument on the merits.

*Masaji Marumoto* (*Ton Seek Pai* on the brief) for appellants.

*Herbert Y. C. Choy* (*Fong, Miho, Choy & Robinson* of counsel) for appellees.

CONCURRING OPINION BY CIRCUIT JUDGE JAMIESON.

Concurring in the opinion of the court, I wish to state additional reasons.

We should think of notice of appeal as a sign, not a rite. Its function is to communicate, not to perform a ceremony. If during the time for appeal an appellant files in the case in the circuit court a writing which shows that he is appealing from the judgment, this should be enough notice. If the writing is unconventional, he runs the risk that it may be insufficiently clear to give the message. The test of what is filed during the time for appeal should not be its form but what it says in its context. What was filed in the circuit court in this case during the time for appeal showed, at least in the context of the earlier filed papers, that appellants were appealing from the judgment. Therefore, there was notice of appeal, filed during the time for appeal.

308 

In *Madden* v. *Madden,* 43 Haw. 148 (1959), this court, adopting the rule pronounced in *Green* v. *Reading Co.,* 180 F.2d 149, *Ohio Public Service Co.* v. *Fritz,* 274 U.S. 12, and *United States* v. *Crescent Amusement Co.,* 323 U.S. 173, held that the filing of a motion to amend a judgment under Rule 59(e) of the Hawaii Rules of Civil Procedure suspends the finality of the judgment until the motion has been disposed of and that an appeal taken in the interim is a "nullity."

In the case at bar, the judgment in question was entered on May 3, 1961, against which a motion to amend was filed. Pending said motion, the judgment lacked finality and appealability. Nevertheless, a notice of appeal was abortively filed on May 16, 1961. On May 20, 1961, the judgment reached finality when the trial court entered an order partially amending the findings of fact.

Although in *Madden* the appellant had, under similar circumstances, filed a timely amended notice of appeal, in the instant case the notice of appeal was neither renewed nor amended. Being concededly a nullity, it does not appear to be compatible with sound procedural standard to resort to the expedience of resuscitating the notice of appeal by the application of artificial respiration in the form of a fictional theory that appellants, by referring in their supersedeas bond to the notice of appeal of May 16, 1961, in effect "refiled" the same. The purpose of a supersedeas bond is to stay execution pending appeal. It is not a notice of appeal, nor is it a substitute therefor. It cannot revivify a defunct notice. Obviously, appellants themselves did not file the bond to accomplish such purpose.

I find it difficult to accept a theory which leans so far toward the outer fringe of liberality as to countenance or condone what appears to be a patent, albeit unwitting, deviation from fixed rules or established judicial pronouncements.