# THELMA NAKI *v.* HAWAIIAN ELECTRIC CO., LTD., A HAWAII CORPORATION.

## No. 4440.

SEPTEMBER 18, 1967.

RICHARDSON, C. J., MIZUHA, MARUMOTO, ABE AND LEVINSON, JJ.

OPINION OF THE COURT BY LEVINSON, J.

Sitting without a jury, the trial court held the defendant, Hawaiian Electric Co., Ltd., liable for injuries the plaintiff, Mrs. Thelma Naki, sustained when she came in contact with her copper radio antenna wire, energized as a result of resting on a bare spot on her electric wires. The trial court found that the defendant was negligent because its trouble shooter failed to inspect the plaintiff's premises properly and thereby to discover the dangerous condition which resulted in the plaintiff's injury; because he failed to warn the plaintiff of the dangers which

might exist; and because he failed to turn off the power between the utility pole and the plaintiff's house.

At the conclusion of the trial the judge orally announced that he would award the plaintiff $15,130. The judgment filed May 13, 1964, was for only $5,130. On May 20, the plaintiff filed a motion for reconsideration of the amount of damages. Following oral argument on May 25, the court orally denied the motion but has never entered a written order. On June 12, the defendant filed its notice of appeal. On July 10, the plaintiff filed her notice of cross-appeal.

Although the parties have not raised the issue, this court is under an obligation to ensure that it has jurisdiction to hear and determine the case before it, *Francone* v. *McClay*, 40 Haw. 475 (1954). Under Rule 73 (a) of the Hawaii Rules of Civil Procedure, notice of appeal must be filed within thirty days of entry of final judgment. This is applicable to cross-appeals as well. The running of the time for appeal is terminated, however, where a party files one of several types of motions, among which is a motion to amend a finding of fact. The plaintiff's motion of May 20 was such a motion although she did not so denominate it. "Under the rules, the substance of the pleading controls, not the nomenclature given to the pleading," *Madden* v. *Madden*, 43 Haw. 148, 149-50 (1959). Once such a motion is filed, the time for appeal does not begin to run anew until the entry of an order disposing of the motion, H.R.C.P. 73 (a). Finality does not attach to the judgment until a written order on the motion is filed, *Marn* v. *Reynolds*, 44 Haw. 655, 361 P.2d 383, *rehearing denied*, 44 Haw. 684, 361 P.2d 389 (1961).

The court has never entered a written order on the plaintiff's motion for reconsideration and therefore there is no final judgment from which the defendant could appeal or from which the plaintiff could cross-appeal. Both are premature. Filing notice of appeal more than thirty days after entry of final judgment is a jurisdictional defect and can neither be waived by the parties nor disregarded by the court in the exercise of judicial discretion, *Ho* v. *Yee*, 42 Haw. 228 (1957). Similarly, filing a notice of appeal before final judgment is entered is a jurisdictional defect

unless the appeal is an allowable interlocutory appeal, *Madden* v. *Madden, supra.* In that case, the circuit judge entered his "final order" on December 13. Appellant filed a motion to set aside the final order and for other relief on December 17. Unsure whether that motion tolled the running of the time for appeal, appellant filed a notice of appeal on January 6, making clear in the notice that it was intended as a protective measure. The judge denied the motion on June 24. The appellant filed an "amended notice of appeal" on July 15 from the final order of December 13 and the denial of the motion. The appellee moved to dismiss the appeal on the ground that the original motion was premature and therefore a nullity. He also argued that the first notice, although a nullity, ousted the trial court of jurisdiction and therefore its ruling on the motion on June 24 was void.

At the outset, the court conceded that:

Under the rules [Hawaii Rules of Civil Procedure], it is not clear whether the pendency of any motion that terminates the running of the time for appeal nullifies the effect of a notice of appeal filed before the disposition of the motion. (*Id.* at 150.)

It proceeded to examine briefly two cases adopting opposite approaches to the question. Relying on federal cases interpreting the Federal Rules of Civil Procedure, the court concluded that it "is more in consonance with reason" to "hold that appellant's first notice of appeal was a nullity." *Madden* v. *Madden, supra* at 151.

Although this court has ameliorated the impact of the *Madden* ruling, it has not rejected the basic holding that premature filing of a notice of appeal is a jurisdictional defect, *In re Dean Trust,* 47 Haw. 304, 387 P.2d 218 (1963). Nor do we find sufficient basis on which to differentiate premature filing from late filing. The policy against fragmented appeals reinforces the conclusion that premature filing is jurisdictional.

Since the motion filed in the trial court on May 20, 1964, is still pending, the judgment filed May 13, 1964, cannot be considered a final judgment at this time. Accordingly, this court is presently without jurisdiction to hear and decide this appeal.

Remanded to the circuit court for further action.

*Richard E. Stifel* (*Anderson, Wrenn & Jenks*) for defendant-appellant, cross-appellee.

*Hyman M. Greenstein and John E. Parks* for plaintiff-appellee, cross-appellant.

### DISSENTING OPINION OF MIZUHA, J.

I respectfully dissent. After briefing and argument, this court is now, sua sponte, remanding the matter to the trial court under Rule 73 (a), H.R.C.P., on the ground that we have no jurisdiction to hear and determine the case. I see no justification for the strict application of the rule since it does not affect the basic rights of the parties to the appeal. After entry of a written order by the trial court, the parties must repeat the entire appellate process. This ruling merely serves to delay the final disposition of the merits of the case by this court at additional expense to the litigants.