CARNATION COMPANY, a Delaware corporation through its ALBERS MILLING COMPANY Division, Plaintiff-Appellee, *v.* HUANANI ENTERPRISE CORPORATION, a Hawaii corporation, Defendant-Appellant

NO. 6716

DECEMBER 10, 1980

HAYASHI, C.J., PADGETT AND BURNS, JJ.

*Per Curiam.* In this case, Civil No. 4432, plaintiff (Carnation) sued defendant (Huanani) for $65,716.22 on a delinquent promissory note dated August 25, 1975. Huanani filed an answer denying the allegations of the complaint.

Thereafter, on January 6, 1977, Carnation moved for summary judgment under rule 56, Hawaii Rules of Civil Procedure (HRCP). The lower court held a hearing on the summary judgment motion on February 4, 1977 but took the matter under advisement.

On February 11, 1977, Huanani filed a "Motion for Order Allowing Counterclaim" under rule 13, HRCP, asserting a claim for $90,000.00 damages for Carnation's refusal to deliver feed to Huanani on credit in breach of a feed purchase contract then in force between Carnation and Huanani. In fact, Huanani's motion was a motion under rule 13(f) asking the court for leave to set up an omitted permissive counterclaim by amendment to his prior pleading.

On March 3, 1977, the lower court held a hearing on the counterclaim motion but took the matter under advisement.

The hearing minutes indicate conversation concerning possible consolidation of this case with Civil No. 4454. Civil No. 4454 was an action by Carnation for $43,401.72 due on a feed contract. It involved Carnation as plaintiff and five defendants but not Huanani.

On the same day, March 3, 1977, the lower court entered an order granting "interlocutory summary judgment" in favor of Carnation on the August 25, 1975 promissory note. The order further stated: "IT IS HEREBY FURTHER ORDERED that the issue as to damages is to be determined at the trial of the herein cause." The order does not explain to what issue of damages it was referring. This order was prepared by Carnation's attorney but it was not approved by Huanani's attorney or submitted to him as required by rule 23, Rules of the Circuit Court (RCC).

On March 14, 1977, Huanani and three[1] of the five defendants in Civil No. 4454 filed a motion under rule 42(a), HRCP, to consolidate the two cases for trial.

On May 20, 1977, the lower court issued an order which:

    1. Denied Huanani's motion for permission to file counterclaim;

    2. Denied Huanani's motion to consolidate; and

    3. Granted Carnation's motion for summary judgment.

This order was prepared by Carnation's attorney but it was not approved by Huanani's attorney or submitted to him as required by rule 23, RCC.

On June 17, 1977, the lower court entered an order allowing Huanani "to file a Counterclaim as set forth in its Motion for Order Allowing Counterclaim in said Civil No. 4432, and said Counterclaim be properly filed in Civil No. 4454. . . ." The order does not explain the authority for issuing orders in Civil No. 4432 which concern Civil No. 4454 involving the same plaintiff but different defendants. This order was prepared by Huanani's attorney but it was not approved by

---

[1] The record does not explain by what authority nonparties were co-movants in this case.

Carnation's attorney or submitted to him as required by rule 23, RCC.

On June 17, 1977, Huanani filed a notice of appeal of the May 20, 1977 order. Thereafter, on September 22, 1977, the lower court filed a judgment in favor of Carnation. The judgment was prepared by Carnation's attorney but it was not approved by Huanani's attorney or submitted to him as required by rule 23, RCC.[2]

Huanani's opening brief states the question on appeal as follows:

> Whether it was proper for the Trial Court to grant summary judgment on the question of Plaintiff's damages by its Order of May 20, 1977, after having already ordered on March 3, 1977 that the issue as to damages is to be determined at trial.

It appears, therefore, that Huanani is contending that the lower court was barred from entering the May 20, 1977 order granting Carnation's motion for summary judgment and denying Huanani's motions for permission to file counterclaim and to consolidate because the court had previously entered an order which stated "that the issue as to damages is to be determined at the trial of the herein cause".

The record indicates a great deal of confusion in this case, much of which resulted from a failure to comply with the requirements of the Hawaii Rules of Civil Procedure and the Rules of the Circuit Court. It is apparent to us, however, that the lower court's March 3, 1977 order was superseded by its May 20, 1977 order. Plainly stated, the lower court changed its decision. We know of no authority precluding such a change of decision by the trial court prior to the entry of final judgment in a case. We cite *Ching v. Tong*, 39 Haw. 20 (1950) *(petition for rehearing); Cohn v. United States*, 259 F.2d 371 (6th Cir. 1958); and *United States v. Jerry*, 487 F.2d 600, 605 (3rd Cir. 1973), as authority allowing such change of decision

---

[2] In view of the violation of rule 23, RCC, and because the issue was not raised nor briefed, we decline to decide the jurisdictional question arising from Huanani's filing of its notice of appeal prior to the lower court's entry of judgment.

prior to final judgment. Therefore, we hold that the May 20, 1977 order was not barred by the March 3, 1977 order.

Affirmed.

*Stanley H. Roehrig* on the brief for defendant-appellant.
*John M. A. Burgess* on the brief for plaintiff-appellee.