JAMES N. PRICE and JOSEPH A. PRICE, Plaintiffs-Appellants, *v.* JAMES R. CHRISTMAN, KARL RUNKLE, NEIL JOHNSON, RAYMOND DAPP, JAMES NUGENT, DOUGLAS SODETANI, and ARTHUR LUTZ in their capacity as Board of Directors of the Association of Apartment Owners of Mana Kai-Maui, MANA KAI-MAUI HOTEL ASSOCIATION, and RESORT APARTMENTS, INC., Defendants-Appellees

NO. 6892

JUNE 3, 1981

HAYASHI, C.J., BURNS, J., AND CIRCUIT
JUDGE KATO IN PLACE OF
JUDGE PADGETT, DISQUALIFIED

*Per Curiam.* Appeal is taken from an order granting summary judgment to the appellees in an action brought for injunctive relief.

Appellants raise the issue of whether in this action, summary judgment was appropriately granted. However, appellees raise the issue of this court's jurisdiction. Concluding that we lack jurisdiction, we dismiss the appeal.

Briefly, the facts reveal the following: The plaintiffs-appellants, James N. Price and Joseph A. Price, own a condominium at the Mana Kai-Maui, located at Kihei, Maui. Defendants-appellees, Christman, Runkle, Johnson, Dapp, Nugent, Sodetani, and Lutz comprise the Board of Directors for the owners' association; defendant-appellee Mana Kai-Maui Hotel Association is comprised of those owners who lease their apartments to visitors on a regular basis; and defendant-appellee Resort Apartments, Inc., manages the property. The plaintiffs-appellants brought this action against the defendants-appellees on October 21, 1977, seeking injunctive relief and for general, punitive, and special damages for various infractions on their ownership rights in certain common areas of the building, and for violations of provisions in the condominium by-laws. Chief among their complaints were allegations that the basement area was being used as an auto repair shop and that certain areas in the basement were foreclosed from use by the owners by the operation of a laundry room and storage area for the defendants-appellees Mana Kai-Maui Hotel Association and Resort Apartments, Inc. The plaintiffs-appellants also charged, *inter alia,* that the Board's imposition of a surcharge on the installation and use of air conditioning units and the installation of coin boxes on the washers and dryers were in violation of the by-laws of the owners' association. On December 26, 1977, plaintiffs-appellants filed an amended complaint, and on December 16, 1977, the defendants-appellees filed a motion to dismiss the amended complaint on various grounds. At the hearing on the motion to dismiss held on January 11, 1978, at the urging of the plaintiffs-appellants, the court treated the motion to dismiss as a motion for summary judgment and summary judgment was granted in favor of defendants-appellees. The order for summary judgment was filed on January 13, 1978. Three days later, on January 16, 1978, plaintiffs-appellants filed a motion to reconsider order granting summary judgment which the parties and the court treated as a Hawaii Rules of Civil Procedure

(HRCP) Rule 59(e) motion to alter or amend a judgment.[1]

Under HRCP Rule 73 governing appeals, a timely motion made pursuant to HRCP Rule 59 tolls the time for filing appeal of a judgment. *See Naki v. Hawaiian Electric,* 50 Haw. 85, 431 P.2d 943 (1967); *Scott v. Liu,* 46 Haw. 221, 377 P.2d 696 (1962). Hearing on the motion to reconsider was held on January 19, 1978, and the motion was orally denied by the trial court. Plaintiffs-appellants then filed their notice of appeal on January 24, 1978. However, the order denying the motion to reconsider heard on January 19, 1978, was not entered until January 30, 1978. Thus, plaintiffs-appellants' appeal was prematurely filed. *Madden v. Madden,* 43 Haw. 148, (1959); *Re Dean Trust,* 47 Haw. 304, 387 P.2d 218 (1963); *Island Holidays v. Fitzgerald,* 58 Haw. 552, 574 P.2d 132 (1978).

Finality does not attach to a judgment until it is filed. *Marn v. Reynolds,* 44 Haw. 655, 361 P.2d 383 (1961). Applying the standards laid down by our supreme court in *Madden, supra,* and its progeny, we have recently held that an appeal filed prior to written entry of the court's oral order is ineffective to give the appellate court jurisdiction over the appeal unless there has been something of record that could be construed as a refiling within the proper appeal period. *Dowsett v. Cashman,* 2 Haw. App. 77, 625 P.2d 1064 (1981); *see also, Re Dean Trust, supra; Island Holidays v. Fitzgerald, supra.*

At the time plaintiffs-appellants noticed their appeal, the trial court had not filed its final written order although an oral ruling on the question had been made at the hearing. The practical necessity of a filed, written order is vividly illustrated in *Carnation Company v. Huanani Enterprises Corporation,* 1 Haw. App. 466, 620 P.2d 273 (1980). In *Carnation Company v. Huanani Enterprises Corporation, supra,* the trial court, quite simply, changed its decision on a previous ruling in the case prior to the entry of judgment, and we found no authority to preclude it from doing so.

Plaintiffs-appellants urge us to overturn the settled law in this jurisdiction that deprives the appellate court of jurisdiction where appeal has been taken prematurely and adopt the position taken by the Court of Customs and Patent Appeals in *In Re Allen,* 115 F.2d

---

[1] Plaintiffs-appellants' counsel conceded at oral argument that it was a Rule 59(e) motion.

936 (1940), wherein a "premature" filing of appeal precludes the lower court from exercising jurisdiction over any matters that were pending at the time of the filing of the appeal. We are not so inclined and think the better rule is that adopted by our supreme court in *Madden v. Madden, supra,* which expressly rejected the *Allen* view in favor of the approach it adopted therein. Accordingly, the appeal is dismissed for lack of jurisdiction.

*Robert E. Rowland* and *Andrew S. Iwashita (Case, Kay, Clause & Lynch)* Attorneys for plaintiffs-appellants.

*Harold W. Goble* and *Paul Dunn Lynch (Haupt & Goble)* Attorneys for defendants-appellees James R. Christman, et al.

*B. Martin Luna* and *Antonio V. Ramil (Ueoka, Luna & Romanchak)* Attorneys for defendants-appellees Mana Kai-Maui Hotel Association and Resort Apartments, Inc.