GREAT SOUTHWEST FIRE INSURANCE COMPANY, a foreign corporation, Plaintiff-Appellee, *v.* H. V. CORPORATION, a Hawaii corporation, dba YUN HEE LOUNGE, YUN HEE IM, and SU DUK KIM, Defendants-Appellants

NO. 8044

(CIVIL NO. 56362)

JANUARY 26, 1983

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY BURNS, C.J.

Defendants-Appellants H. V. Corporation, Yun Hee Im, and Su Duk Kim (appellants) appeal the summary judgment in favor of plaintiff-appellee Great Southwest Fire Insurance Company (Great Southwest) that Great Southwest has no insurance coverage for and no duty to defend H. V. Corporation and Yun Hee Im in a suit against them by Su Duk Kim. As to this appeal, we reverse.

Appellants also appeal the denial of their cross-motion for summary judgment that there is coverage and Great Southwest has a duty to defend. As to this appeal, we affirm.

The dispositive issue is whether, viewed in the light most favorable to the side opposing the summary judgment, the pleading, depositions, answers to interrogatories, admissions, and affidavits on file show that there is no genuine issue as to any material fact and that the side seeking the summary judgment is entitled to it as a matter of law. Rule 56(c), Hawaii Rules of Civil Procedure (HRCP). Viewed in that light, neither side is entitled to summary judgment.

In 1977, through its general agent Triad Insurance Agency, Inc. (Triad), Great Southwest issued Policy No. GL 50705 to "C.B.Y. LUM, INC., LESSOR & H. V. CORPORATION DBA BONANZA, LESSEE." The policy was for a term from June 1, 1977 to June 1, 1978. It covered "OWNERS', LANDLORDS' & TENANTS' LIABILITY INS."; "COMPLETED OPERATIONS AND PRODUCTS LIABILITY INS."; and "PREMISES MEDICAL PAYMENTS INSURANCE." It described the operations at the premises as "RESTAURANTS." The record does not describe what kind of business was actually conducted by Bonanza.

In the latter part of 1977, Yun Hee Im became the sole stockholder, president, and general manager of H. V. Corporation. She changed the business name from Bonanza to Yun Hee Lounge and operated a cocktail lounge. She contacted Ed Takeyama, a sales agent for National Mortgage & Finance Co., Ltd. (National Mortgage), concerning the lounge's insurance requirements. Takeyama contacted National Mortgage, who was a general agent for certain insurance companies but not for Great Southwest. National Mortgage contacted Triad, who was a general agent for Great Southwest. Eventually, Great Southwest issued Policy No. GL 68628 for a term from June 9, 1978 to June 9, 1979. The insureds were the same as in Policy No. GL 50705 except that the business name was changed from Bonanza to Yun Hee. The coverage was the same except that the "PREMISES MEDICAL PAYMENTS INSURANCE" had been omitted.

Triad billed National Mortgage who in turn billed Yun Hee Im and H. V. Corporation. When H. V. Corporation paid National Mortgage, the latter remitted the payment less its commissions to Triad. From its commissions, National Mortgage paid Takeyama a solicitor's commission.

On September 28, 1978, at approximately the lounge's 2:00 a.m.

closing time, a fight broke out between customer Su Duk Kim and Nam Soo Kim, the husband of lounge employee Nam Poon Yu. The fight was brief and ended when Nam Soo Kim stabbed Su Duk Kim in the abdomen with a knife, causing serious injuries.

On November 1, 1978, Su Duk Kim sued Nam Soo Kim, Yun Hee Im, and H. V. Corporation in First Circuit Civil No. 56119, alleging three causes of action:

[1.] [T]hat said act of Nam Soo Kim was negligent, careless, malicious, intentional, reckless and grossly negligent.

[2.] That at said time and place Defendants H. V. Corporation and Im was [sic] negligent and careless in that it [sic] allowed persons to enter said lounge and bar after its closing hours, permitting drinking of alcoholic beverages after closing time, allowing its employee to become intoxicated while working in said premises, having no employee on duty to provide protection of its patrons and guests from dangerous people or persons; that Defendants knew or should have known that serious injury to its patrons or guests would occur, because of the nature of said business it was conducting, if adequate and proper supervision and control over its employees, guest and patrons were not enforced; likewise, if its employees did not comply with the rules and regulations of the Liquor Commission, aforesaid.

■ That the actions and conduct of Defendants were malicious, grossly negligent, reckless and intentional and therefore asks punitive and exemplory [sic] damages in the sum of $250,000.00.

On or about November 8, 1978, Great Southwest's agent asked Yun Hee Im to consent to its defending her and H. V. Corporation in Civil No. 56119 without waiver of its right to deny coverage because of policy exclusions or other reasons. Yun Hee Im refused to sign such a nonwaiver of reservation of rights agreement. Thereafter, Great Southwest retained an attorney to defend H. V. Corporation and Yun Hee Im in Civil No. 56119.

On November 29, 1978, Great Southwest sued H. V. Corporation, Yun Hee Im, and Su Duk Kim for declaratory relief, contending:

7. The policy of insurance . . . specifically excludes coverage for injuries inflicted as the result of an assault and battery whether said assault and battery is perpetrated by the insured or

by any third party.

8. By virtue of the assault and battery exclusion Plaintiff GREAT SOUTHWEST provides no liability coverage for H. V. CORPORATION and/or YUN HEE IM with respect to to [sic] the injuries and damages as alleged. . . ., has no duty to defend the said H. V. CORPORATION and/or YUN HEE IM with respect to any of the claims made in Civil Number 56119, and has no obligation to pay any judgment that may be awarded in favor of SU DUK KIM in Civil Number 56119.

10. The policy of insurance issued by Plaintiff GREAT SOUTHWEST . . . specifically excludes any coverage for punitive or exemplary damages.

On March 18, 1980, Great Southwest moved for summary judgment. Its memorandum in support of its motion cited an additional basis: exclusion of liability relating to the dispensing of alcoholic beverages.

On April 3, 1980, Yun Hee Im and H. V. Corporation filed a cross-motion for summary judgment. Su Duk Kim later joined in. The cross-motion claimed:

1. That Great Southwest waived its defenses by defending the insureds after they refused to sign a nonwaiver or reservation of rights agreement.

2. That Great Southwest may not enforce an exclusion which it did not bring to the attention of the insured.

3. The assault and battery exclusion is ambiguous and should be strictly construed against the insured.

4. The alcoholic beverage exclusion does not exclude all of the allegations against the insureds.

On July 8, 1980, the lower court granted Great Southwest's motion and denied the cross-motion. On July 18, 1980, H. V. Corporation and Yun Hee Im moved under Rule 59(e) to alter or amend the judgment which motion was denied on August 12, 1980. Before the motion was denied, however, H. V. Corporation and Yun Hee Im filed their notice of appeal on August 7, 1980.

APPELLATE JURISDICTION

Great Southwest questions appellate jurisdiction as to the appeal

by Yun Hee Im and H. V. Corporation. Unquestionably, their notice of appeal was filed prematurely. *See Price v. Christman,* 2 Haw . App. 212, 629 P.2d 633 (1981). The issue, therefore, is whether they did anything within HRCP, Rule 73(a)'s thirty-day appeal period from August 12, 1980 that constituted a refiling under the rule in *Re Dean Trust,* 47 Haw. 304, 387 P.2d 218 (1963). The answer is yes. On September 4, 1980, they filed a Request for Transcript of Proceedings for Record on Appeal.

## WAIVER

Appellants contend that *Yuen v. London Guar. & Acc. Co.,* 40 Haw. 213 (1953), compels the conclusion that Great Southwest's defense of Yun Hee Im and H. V. Corporation in Civil No. 56119, despite their refusal to sign a reservation or nonwaiver of rights agreement, bars it from denying coverage. We disagree and hold that Great Southwest is entitled to pursue this declaratory action.

The instant case and *Yuen* involve materially different facts and those factual differences lead to a different result.[1] In *Yuen,* the insurer notified the insured of its intent to deny coverage on the basis of the insured's alleged failure to cooperate. Although the insured refused to sign a reservation or nonwaiver of rights agreement, the insurer defended the insured all the way to judgment against the insured without seeking a judicial determination of coverage or duty to defend. In the instant case, the insurer notified the insured of its intent to deny coverage on the basis of various exclusions in the policy. The insured then refused to sign a reservation or nonwaiver of rights agreement. Thereupon, the insurer commenced defending the insured and almost simultaneously filed an action against both the insured and the plaintiff praying for a declaration that there was no coverage and no duty to defend.

---

[1] Whether just one or the other of those differences would cause a different result, we need not answer. *See* 44 Am.Jur.2d *Insurance* § 1426, 1440 (1982); Annot. 38 A.L.R.2d 1148 (1954).

## PUNITIVE DAMAGE EXCLUSION

Endorsement GSW 391 provides:

### EXCLUSION — PUNITIVE OR EXEMPLARY DAMAGE

It is agreed that this policy does not apply to a claim of or indemnification for punitive or exemplary damages. If a suit shall have been brought against the Insured for claim falling within the coverage provided under the policy, seeking both compensatory and punitive or exemplary damages, then the company will afford a defense to such action. The company shall not have an obligation to pay for any costs, interest, or damages attributable to punitive or exemplary damages.

Great Southwest contends that Endorsement GSW 391 excludes coverage of the punitive damage claims made by Su Duk Kim in Civil No. 56119. We agree. However, it does not exclude the duty to defend against any other damage claims.

### ALCOHOLIC BEVERAGE EXCLUSION

Great Southwest contends that Exclusion (h) excludes coverage of all of the claims made by Su Duk Kim in Civil No. 56119. On this point the record is inconclusive and does not support issuance of summary judgment. Exclusion (h) provides:

Exclusions

This insurance does not apply:

\*    \*    \*

(h) to bodily injury or property damage for which the insured or his indemnitee may be held liable

    (1) as a person or organization engaged in the business or manufacturing, distributing, selling or serving alcoholic beverages, or

    (2) if not so engaged, as an owner or lessor of premises used for such purposes, if such liability is imposed

        (i) by, or because of the violation of, any statute, ordinance or regulation pertaining to the sale, gift, distribution or use of any alcoholic beverage, or

        (ii) by reason of the selling, serving or giving of any

alcoholic beverage to a minor or to a person under the influence of alcohol or which causes or contributes to the intoxication of any person;

but part (ii) of this exclusion does not apply with respect to liability of the insured or his indemnitee as an owner or lessor described in (2) above[.]

In its memorandum in support of its motion for summary judgment, filed March 18, 1980, Great Southwest interpreted this exclusion as follows:

As quoted above, subparagraph (h) of the Exclusions section of the GREAT SOUTHWEST policy specifically excludes coverage relating to any bodily injury if the liability of the insured is due to the insured's being a person or organization engaged in the business of selling alcoholic beverages if liability is imposed due to a violation of state statute, ordinance or regulation pertaining to the sale of alcohol, alcoholic beverages or by reason of selling alcoholic beverages to a person under the influence of alcohol or which causes or contributes to the intoxication of any person.

Great Southwest's interpretation of the exclusion generates various genuine issues of material fact. For example, while the acts complained of do not appear to violate any applicable statute or ordinance, we have no way of knowing whether any or all of the acts constitute violations of liquor commission rules and regulations[2] because those rules and regulations have not been made a part of the record in this case.

Consequently as to the application of this exclusion, there are genuine issues of material fact.

## DUTY TO CALL INSURED'S ATTENTION TO EXCLUSIONS

In her deposition, Yun Hee Im testified:

Q. When you contacted Mr. Takayama [sic] did you tell him what kind of insurance you wanted? Did you tell him what you wanted covered?

IA. Yes.

---

[2] *See* HRS § 281-17(3) (1976).

Q. What did you tell him?

IA. Fire insurance, glass insurance, something to cover what might happen in the premises and also the employees.

Q. What do you mean something to cover what might happen in the premises?

IA. For instance, a drunken person might make a fuss around and make trouble around. Somebody that gets hurt out of fighting.

Q. Did you ask the agent to provide you insurance to cover anything else other than what you have mentioned here?

IA. None.

Q. Did you read the insurance policy when you got it?

IA. No, I didn't read.

Q. Why didn't you read the policy?

IA. Because I trusted him because I didn't have much experience.

Apparently on the basis of that testimony, appellants contend that Great Southwest is barred from enforcing the alcoholic beverage exclusion.

Appellants urge us to apply the rule applied in *Logan v. John Hancock Mutual Life Insurance Company,* 41 Cal. App.3d 988, 116 Cal. Rptr. 528 (1974):[3]

> We glean from *Steven* and its progeny a general principle of public policy as follows: In the case of standardized insurance contracts, exceptions and limitations on coverage that the insured could *reasonably expect,* . . . *must be called to his attention, clearly and plainly,* before the exclusions will be interpreted to relieve the insurer of liability or performance. (41 Cal. App.3d at 994-995).

116 Cal. Rptr. at 532 (footnote omitted) (emphasis in original).

To what extent the reasonable expectations rule in *Logan* is consistent with the more relevant rule in *State Farm Mut. Auto Ins. Co. v. Bailey,* 58 Haw. 284, 568 P.2d 1185 (1977),[4] is a question discussed

---

[3] *Accord, Hionis v. Northern Mut. Ins. Co.,* 327 A.2d 363 (Pa. Super. 1974); *Buck v. Liberty Mut. Ins. Co.,* No. 81-4475 (ED Pa. June 14, 1982); *Ady v. Western Am. Inc. Co.,* 433 N.E.2d 547 (Ohio 1981).

[4] An insured is bound by a policy which is not so complex that it should mislead a reasonably literate person who takes the trouble to read it. *Accord, Foremost Ins. Co. v. Putzier,* 627 P.2d 317 (Idaho 1981).

in *Crawford v. Ranger Ins. Co.*, 653 F.2d 1248 (9th Cir. 1981). In the case at bar, however, it would be premature for us to answer the question at this pretrial stage of the proceedings on the basis of the meager record before us.

## ASSAULT AND BATTERY EXCLUSION

Great Southwest contends that Endorsements GSW 44 (7-75) excludes coverage of the claims made by Su Duk Kim in Civil No. 56119. On this point, the record is also inconclusive. Endorsement GSW 44 (7-75) provides:

### ASSAULT AND BATTERY EXCLUSION

It is hereby understood and agreed that no coverage shall apply under this policy for any claim, demand or suit based on assault and battery, and assault and battery shall not be deemed an accident, whether or not committed by or at the direction of the insured.

We do not know whether the act of Nam Soo Kim was an "assault and battery."[5] Yun Hee Im's and H. V. Corporation's opening brief states that "NAM SOO KIM was prosecuted on criminal charges as a result of the stabbing and sentenced to prison." However, contrary to Rule 3(b)(4), Supreme Court Rules of the State of Hawaii, the statement is not supported by a record reference. A search of the record reveals no evidence of such fact. Even assuming the statement is true, we do not know what the criminal charges were. Consequently, as to the application of this exclusion, there are genuine issues of material fact.

Even if the act of Nam Soo Kim was an "assault and battery," we question but do not decide whether Su Duk Kim's suit is "based on assault and battery." Its basis appears to be negligence (allowing or facilitating the occurrence of the assault and battery), not an intentional tort (the assault and battery itself).

Moreover, the fact that an assault and battery is not deemed an accident may or may not be relevant since the policy's coverage extends to "an occurrence."

---

[5] Assault and battery is defined as: "Any unlawful touching of another which is without justification or excuse." Black's Law Dictionary 105 (5th ed. 1979).

We affirm the denial of appellants' motion for summary judgment, reverse the summary judgment in favor of Great Southwest, and remand this case to the lower court for further proceedings consistent with this opinion.

*Wayne D. Parsons (Hyman M. Greenstein* with him on the briefs) for defendants-appellants H. V. Corporation and Yun Hee Im.

*Bruce B. Kim (Edward Y. N. Kim* with him on the briefs) for defendant-appellant Su Duk Kim.

*William A. Bordner (Howard F. McPheeters* with him on the briefs; *Burke, Ashford, Sakai, McPheeters, Bordner & Gilardy* of counsel) for plaintiff-appellee.