117 F.3d 1424
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
ESSEX INSURANCE COMPANY, a Delaware corporation, Plaintiff-Appellee,
v.
Frederick EDRALIN; Lynn Wada; E.R.B. Enterprises, Ltd.;
James Bell and Does 1-10; Doe Partnerships 1-10; Doe
Corporations 1-10; Doe Non-Profit Corporations 1-10; Doe
Governmental Entities 1-10, Defendants-Appellants.
 No. 96-15745.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 9, 1997.
July 8, 1997.
 
 Appeal from the United States District Court for the District of Hawaii Helen Gillmor, District Judge, Presiding
 Before: REINHARDT, T.G. NELSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Frederick Edralin, Lynn Wada, E.R.B. Enterprises, and others appeal the district court's grant of summary judgment in favor of Essex Insurance Company on its declaratory judgment action seeking a declaration that Essex had no duty to defend or indemnify the insured E.R.B. Enterprises for claims arising from a state lawsuit filed by Edralin and Wada against E.R.B. We have jurisdiction under 28 U.S.C. § 1291. We reverse.
 
 
 3
 The district court should not have exercised jurisdiction over this case. We follow our previous decisions in Employers Reinsurance Corp. v. Karussos, 65 F.3d 796 (9th Cir.1995); American Nat'l Fire Ins. Co. v. Hungerford, 53 F.3d 1012 (9th Cir.1995); and Continental Cas. Co. v. Robsac Indus., 947 F.2d 1367 (9th Cir.1991), in holding that the district court abuses its discretion in exercising jurisdiction over declaratory judgment actions where, as here, the declaratory judgment action presents only questions of state law involving a case of insurance coverage predicated on the same factual transaction or occurrence as the underlying state court action, and there is no legal bar preventing the insurance company from filing its declaratory judgment action in state court. Therefore, Essex has failed to present "facts or circumstances" that would "justify the district court's exercising its discretion" to hear this declaratory judgment action. Karussos, 65 F.3d at 801.
 
 
 4
 We decline to exercise our discretion under Golden Eagle Ins. Co. v. Travelers Cos., 103 F.3d 750 (9th Cir.1996), to "overlook" the error as "harmless" because we are not "convinced [that the parties] would get the same decision" in state court as they did in federal court. Id. at 756. Great Southwest Fire Ins. Co. v. H.V. Corp., 658 P.2d 337 (Haw.Ct.App.1983), discussed at length by the parties, does not clearly resolve the issues in appellee's favor. In our view, Great Southwest Fire offers more questions than answers, and we think its application to this case is a matter best left to the Hawaii state courts.
 
 
 5
 We therefore REVERSE the district court's grant of summary judgment in favor of Essex and REMAND this case to the district court with instructions to dismiss the case without prejudice so that Essex, if it so desires, may file a declaratory judgment action in the state courts of Hawaii.
 
 
 6
 REVERSED AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3