MICHAEL RUTH, dba SHAMROCK BAIL BONDS, Plaintiff-Appellant, *v.* MARGARET F. FLEMING, also known as MARGARET F. POCOCK, Defendant-Appellee

NO. 7729

CIVIL NO. H79-3136

DECEMBER 15, 1981

HAYASHI, C.J., PADGETT AND BURNS, JJ.

OPINION OF THE COURT BY PADGETT, J.

This is an appeal from a judgment of the District Court for the District of Honolulu denying indemnification to the appellant/bail bondsman from the appellee/indemnitor on the ground that the expenses incurred and claimed for arose out of the negligence of the bail bondsman. We affirm.

The appellee/indemnitor claimed that she retained the appellant as bail bondsman in connection with certain offenses with which her sister was being charged in Los Angeles because appellant represented to her that his company had an agent in Los Angeles. Apparently, appellant did have such an agent. Subsequent to the posting of bail, appellee's sister was arrested in a different county in California.

She testified that she informed the arresting authorities of her scheduled court appearances, but that, mistrusting the system, she telephoned her sister, the appellee, to tell her of the arrest and to inform the appellant that there was a danger of forfeiture of the bonds because she might not be able to make her scheduled court appearances because of the incarceration. She stated that her sister told her to call Shamrock Bail Bonds in Los Angeles as appellant had

stated that they were his agents, and to inform them of the situation so that the forfeiture might be avoided and that she did so.

In addition, appellee, herself, testified that she immediately called appellant about the problem. Appellant denies that he knew anything about the forfeitures until after they had occurred. He claims expenses for hiring attorneys to have the forfeitures exonerated and for a trip to California he made to locate appellee's sister (although she apparently was still incarcerated at the time). The court below apparently believed appellee and her sister, found appellant negligent and denied him any relief.

Appellant claims indemnity based on the third paragraph of the indemnity agreement which allows him to recover expenses incurred in setting aside a forfeiture "caused by a breach by the Principal of any of the terms for which the Application and Bail Bond were written". Two applications are in evidence. Neither contain any "terms". The bonds are not in evidence. Hence, there was no proof of a "breach" by the principal.

As to the claim that the court erred in finding the appellant negligent, there is ample evidence to support the court's finding.

Appellant also claims that he is entitled to be indemnified even against the results of his own negligence under the agreement. The agreement, however, contains no language providing for indemnity in such a case. The Supreme Court of Hawaii, in *Kamali v. Hawaiian Electric Co.*, 54 Haw. 153, 504 P.2d 861 (1972), stated at 161:

> We recognize that contracts of indemnity are strictly construed, particularly where the indemnitee claims that it should be held safe from its own negligence. *Bagwell v. South Louisiana Electric Co-operative Association*, 228 So.2d 555 (La. 1969); *Buford v. Sewerage and Water Board*, 175 So. 110 (La. App. Orl. 1937).
>
> The language in the above permit does not amount to a clear and unequivocal assumption of liability by Tanji for Hawaiian Electric's negligence. In absence of such requisite specificity, the trial court ruled correctly that the Joint Pole permit did not constitute an indemnity contract as a matter of law.

In view of that holding, we affirm the judgment below.

Affirmed.

*Winston Mirikitani (Mirikitani* and *Tongg* of counsel) for appellant.
*Margaret F. Fleming*, appellee, pro se.