STRAUB CLINIC AND HOSPITAL, INC., and CNA IN-
SURANCE COMPANY, Plaintiffs-Appellants, Cross-
Appellees, *v.* CHICAGO INSURANCE COMPANY,
STATE OF HAWAII, and the UNIVERSITY OF
HAWAII, Defendants-Appellees, Cross-Appellants

NO. 8640

(CIVIL NO. 56760)

JUNE 8, 1983

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY BURNS, C.J.

In a prior suit, First Circuit Civil No. 48724, Straub Clinic and Hospital, Inc. ("Straub") settled Francis Ontai's ("Ontai") personal injury claim by agreeing to pay him $150,690.08. In this case, First Circuit Civil No. 56760, Straub sued University of Hawaii ("University") for indemnity under an agreement between them. The jury having decided that Straub was 70% responsible and University was 30% responsible for Ontai's damages, the lower court filed a judgment requiring University to pay to Straub an amount equal to 30% of the settlement

amount and of Straub's $57,913.01 costs and fees. Straub appeals and University cross-appeals. We affirm.

The facts are as follows: On March 6, 1976, Ontai was admitted to Straub for a barium enema. Richard Piscusa, a University student[1] acting under the general supervision of Straub's employees, attached the standard footrest to an x-ray table and placed Ontai on the table. When the doctor employed by Straub tilted the table, the footrest detached and Ontai fell to the floor and was severely injured.

In Civil No. 48724, Ontai sued Straub and General Electric Company ("GE"), the manufacturer of the table. Straub and GE filed cross-claims against each other. On January 18, 1978, the case was set for trial during the week of July 24, 1978. On June 15, 1978, Straub moved for continuance of the trial date.

On June 20, 1978, Straub's attorneys discovered that Straub and University had entered into an agreement on May 28, 1974 which provided in relevant part:

WHEREAS IT IS AGREED by the aforesaid parties to be of mutual interest and advantage that the Health Education Division students enrolled in the Kapiolani Community College be given the benefit of patient care and related services for clinical experiences, and

* * *

NOW, THEREFORE, the University effects the following agreement for the Kapiolani Community College with Straub Clinic & Hospital, Inc. to obtain for a mutually agreed upon number of students of the Kapiolani Community College Radiology program or any part thereof experiences in clinical laboratories. This agreement is to be governed by the following conditions:

SPECIFIC RESPONSIBILITIES OF THE UNIVERSITY

* * *

---

[1] When the accident occurred, Piscusa was a student in the Radiologic Technology Program at Kapiolani Community College. Upon completion of his studies, he was hired by Straub and was working for Straub at the time of trial.

6. The University will indemnify and hold [Straub] harmless from any and all injuries, damages, liabilities and claims, and pay all expenses including attorney's fees, which may occur in connection with or which arises from any negligent or wrongful act of its employees and any person acting in behalf of the University in an official capacity, temporarily, whether with or without compensation during the Radiologic Technology programs at Straub; subject to the limitations contained in Chapter 661, "Suits by and against the State", and Chapter 662, "State Tort Liability Act," H.R.S. 1969, as amended.

7. The University will cover participating students under its current malpractice policy.

SPECIFIC RESPONSIBILITIES OF CONTRACTOR.

[Straub] agrees to the following:

* * *

3. Suitable clinical experience situations in patient care as prescribed by the adopted curriculum. It is understood that in no case shall the students in learning situations replace regular staff.

By letter dated July 27, 1978, Straub tendered its defense to University but University did not respond so Straub continued to defend itself.

On August 16, 1978, Straub moved for permission to file a third-party complaint against University. This motion was orally denied on August 24, 1978.

Trial commenced on September 5, 1978. When Ontai rested, the trial judge directed verdicts for GE against Ontai and Straub.[2] Ontai then moved to prohibit Straub from calling Piscusa and others as witnesses, claiming that under *Sugue v. F. L. Smithe,* 56 Haw. 598, 546 P.2d 527 (1976), the question of University's negligence was irrelevant. This motion was

---

[2] Ontai and Straub appealed and in *Ontai v. Straub Clinic and Hospital Inc.,* 66 Haw. 237, 659 P.2d 734 (1983) the Hawaii Supreme Court reversed the directed verdicts and remanded for a new trial.

granted.[3]

Thereafter, the trial court orally directed verdict as to liability in favor of Ontai and against Straub, stating: "The Court finds that in this case Straub Clinic through its agent Piscusa was negligent, negligent in installing the footrest which was the proximate cause of the accident and all of the attendant injuries."[4]

Thereupon, Straub settled with Ontai and upon stipulation an order was entered dismissing Ontai's complaint against Straub.

While Civil No. 48724 was on appeal, Straub commenced Civil No. 56760 for 100% indemnity under the agreement. On July 7, 1981, the lower court denied Straub's motion for summary judgment as to liability. Subsequently, the jury entered the following verdict:

We, the Jury, hereby return a verdict in favor of Defendants and against Plaintiff.

Considering negligence to total 100%, what percentage of negligence which proximately caused the injuries and

---

[3] We do not express any opinion whether Ontai's motion was properly granted.

[4] Piscusa's name was included in the "finding" upon the urging of Straub's counsel. The relevant portion of the transcript reads as follows:

[ONTAI'S COUNSEL]: At this time the plaintiff moves for directed verdict on the issue of liability. * * *

[STRAUB'S COUNSEL]: [W]e strongly object to a directed verdict in this area. * * *

THE COURT: All right. The motion for directed verdict is granted.

[STRAUB'S COUNSEL]: Could we have a specific finding by the Court as to who was negligent in this particular instance, and we could do it later on. It doesn't have to be done now. And specifically as the Court directed this verdict, that the Court is finding that Mr. Richard Piscusa of Straub Clinic was negligent?

THE COURT: You want that finding?

[COUNSEL FOR ONTAI]: It doesn't — I have no objection. It doesn't matter to the plaintiff.

The court then made its oral "finding."

In a *non sequitur* in its opening brief, Straub took a different position concerning Piscusa's relationship with Straub. There it stated: "If the intent of the clause had been to indemnify Straub only for negligence solely due to the student, no indemnity clause would have been necessary because the student was not a Straub employee and therefore, Straub would not be vicariously liable."

damage to Francis Ontai is attributable to:

| | | |
|---|---|---|
| Richard Piscusa | | 30% |
| Employees of Straub Clinic | | 70% |
| TOTAL | 100% | |

Thereafter, University moved under Rules 50(b) and 59(e) of the Hawaii Rules of Civil Procedure (HRCP) for judgment notwithstanding the verdict or to alter or amend the judgment, and Straub moved, under Rules 50(b) and 59(a), HRCP, for a judgment notwithstanding the verdict or for a new trial. Both motions were denied.

Straub and University appeal. We will deal with each issue *seriatim.*

### I.

Straub contends that the trial court erred in denying its motion for summary judgment as to liability because the trial court's oral statement in Civil No. 48724 that Piscusa's negligence was the sole cause of Ontai's damages is binding on University in this case.

In making this contention, Straub asserts two distinct theories: (1) A judgment may be conclusive as against a third person who is liable over to the judgment debtor with respect to the cause of action adjudicated where there has been notice to the third person and an opportunity to defend, 46 Am. Jur. 2d *Judgments* § 551 (1969), and (2) offensive collateral estoppel. *See Rosa v. CWJ Contractors, Ltd.,* 4 Haw. App. 210, 664 P.2d 745 (1983).

Straub has failed to satisfy the basic requirements under either theory. Both theories require a judgment. No judgment was entered in Civil No. 48724 because Ontai's claim against Straub was dismissed upon stipulation after the settlement between them. Consequently, we do not decide the merit of either theory.

Since the prior case was a bench trial, Straub's collateral estoppel theory also requires a "finding" which satisfies the requirements of Rule 52, HRCP. Such a finding must be written and signed. 76 Am. Jur. 2d *Trial* § 1250 (1975). *Cf.* 9 Wright & Miller, Federal Practice and Procedure: *Civil* § 2583

(1971); *Carnation v. Huanani Enterprise Corporation,* 1 Haw. App. 466, 620 P.2d 273 (1980). In this case, the trial court's oral statement was neither written nor signed.

## II.

Straub next contends that the trial court erred in denying its motion for summary judgment because the agreement requires University to indemnify Straub against Straub's negligence. We disagree. Contracts of indemnity are strictly construed, particularly where the indemnitee claims that it should be indemnified against its own negligence. *Ruth v. Fleming,* 2 Haw. App. 585, 637 P.2d 784 (1981). *See* 41 Am. Jur. 2d *Indemnity* § 15 (1968). In that light, we read the agreement as imposing upon University the obligation to indemnify Straub for the negligence of University's employees and students, not Straub's employees.

## III.

Finally, Straub contends that the trial court erred in denying its motion for new trial because: (1) the jury's verdict was inconsistent; (2) there was insufficient evidence to support the verdict; (3) the jury awarded inadequate indemnity to Straub; and (4) the trial court denied Straub's attempt to call Piscusa as a rebuttal witness.

Straub is not directly appealing these alleged errors as being errors at trial. Rather it is contending that because of them, the trial judge erred in denying its motion for new trial. The standard of appellate review of the denial of a motion for new trial is clear or manifest abuse of discretion. *Stahl v. Balsara,* 60 Haw. 144, 587 P.2d 1210 (1978); *Cabral v. McBryde Sugar Co., Ltd.,* 3 Haw. App. 223, 647 P.2d 1232 (1982); 11 Wright & Miller, Federal Practice and Procedure: *Civil* § 2818 (1973). We find no such abuse of discretion in this case.

Concerning the sufficiency of the evidence and the adequacy of the indemnity, our review of the record indicates that the jury's verdict is supported by substantial evidence.

Concerning the alleged inconsistency of the jury's verdict, the record shows that the jury was supplied with two forms identical in all relevant respects except that one was "in favor of Defendants and against Plaintiff" and the other was "in favor of Plaintiff and against Defendants." There is no indication in the record that Straub objected to the forms. There being no gross injustice, it is too late for Straub to complain of the forms now. 11 Wright & Miller, Federal Practice and Procedure: *Civil* § 2805 (1983).

Concerning Straub's attempt to call Piscusa as a rebuttal witness, the record shows that the motion was untimely. When University rested, the trial judge asked Straub's counsel if he had any rebuttal testimony to present, and he said, "no." The trial judge then commenced settling jury instructions and was partially through when he adjourned for the day. It was not until the next morning, after the judge had settled the instructions and the verdict forms, that Straub moved to call Piscusa as a rebuttal witness.

## IV.

In its cross-appeal, University contends that the trial court erred in its judgment and in denying University's motion for judgment notwithstanding the verdict or to alter or amend the judgment. It contends that Straub is not entitled to contribution since the jury found that Straub was concurrently negligent and under the agreement University is liable only for its sole negligence.[5] We disagree.

First, since University did not move for a directed verdict at the close of all the evidence, it may not make a motion for judgment notwithstanding the verdict. Rule 50(b), HRCP; 9

---

[5] In its opening brief, University states: "If this were a 'true' personal injury action, the Hawaii Comparative Negligence Law, *Hawaii Revised Statutes,* § 663-31, would bar *any* recovery by Cross-Appellees." In our view, if Straub, University, and GE had been joined as co-defendants in Civil No. 48724, the Hawaii Uniform Contribution Among Tortfeasors Act, HRS chapter 663, would have been relevant.

Wright & Miller, Federal Practice and Procedure: *Civil* § 2537 (1971).

Second, in our view, if an indemnitor is contractually obligated to indemnify for its negligence, it is obligated to indemnify for both its sole and concurrent negligence unless the indemnity contract clearly and unequivocally specifies otherwise. Here, the agreement does not provide that the indemnification applies only to liabilities resulting solely from the negligence of University's employees and agents. Consequently, University is obligated under the agreement to indemnify and hold Straub harmless from the negligence of University's employees and agents whether such negligence is sole or concurrent with Straub's negligence.

Affirmed.

*Dennis E. W. O'Connor* (with him on the briefs *H. William Goebert, Jr.; Hoddick, Reinwald, O'Connor & Marrack* of counsel) for appellants, cross-appellees.

*Robert P. Richards* (with him on the briefs *Walter Davis* and *Ashley K. Fenton; Davis, Playdon, Reid & Richards* of counsel) for appellees, cross-appellants.