959 F.2d 241
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
THRIFTWAY COMPANY, Plaintiff-Appellee,
v.
AMORIENT PETROLEUM INCORPORATED, Defendant,
and
Pacific Resources, Inc.; Hawaiian Independent Refinery,
Inc., Defendants-Appellants.
 No. 91-55188.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 6, 1992.
Decided April 8, 1992.
 
 Before BRUNETTI, O'SCANNLAIN and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Thriftway Company ("Thriftway") was granted a declaratory judgment the effect of which was that Hawaiian Independent Refinery, Inc. ("HIRI") contribute towards the cost of a Department of Energy ("DOE") order which required Thriftway to refund improperly paid crude oil refining entitlement benefits.
 
 
 3
 * HIRI alleges that the Hawaiian statute of limitations, or the limitation period in paragraph 4.4(d) of the processing agreement ("agreement") barred Thriftway from bringing this action. The district court found that paragraph 4.4(d) was ambiguous and heard testimony regarding the parties' intentions if the Federal Energy Administration ("FEA"), the predecessor of the DOE, were to bring an action against Thriftway for entitlements violations. Contract interpretation is a question of law. L.K. Comstock & Co. v. United Engineers and Constructors, Inc., 880 F.2d 219, 221 (9th Cir.1989); Hanagami v. China Airlines, Ltd., 688 P.2d 1139, 1144 (Haw.1984). However, the intent of the parties is a question of fact. Hanagami, 688 P.2d at 1144-45.
 
 
 4
 The district court was correct that the agreement is ambiguous. Paragraph 5.3 which requires Thriftway to indemnify HIRI conflicts with and makes ambiguous the meaning of paragraph 4.4(d) that Thriftway had the right to obtain refunds from HIRI if FEA took an action against Thriftway regarding the entitlements.
 
 
 5
 An ambiguity arises when a term of a contract is capable of being reasonably understood in more than one way. Airgo, Inc. v. Horizon Cargo Transport, Inc., 670 P.2d 1277, 1280 (Haw.1983); Stewart v. Brennan, 748 P.2d 816, 821 (Haw.App.1988). A court can then consider extrinsic evidence, surrounding circumstances, and the parties' subsequent conduct in construing an ambiguous contract. Stewart, 748 P.2d at 821. Paragraph 4.4(d) is reasonably capable of being understood in more than one way. Hence, it is ambiguous, and the district court properly concluded that the parties did not intend to limit Thriftway's rights if FEA instituted a refund action beyond the time limit contained in the second clause of paragraph 4.4(d).
 
 
 6
 Thriftway's action was timely within the limitation of Hawaiian Revised Statutes § 490:2-725(1) & (2). The action did not accrue until HIRI breached its contractual promise to refund Thriftway its share of the entitlements, paragraph 4.4(c), after "FEA determine[d] that Thriftway [was] not entitled to additional entitlements." p 4.4. A contractual cause of action only accrues once a contract breach has occurred. Au v. Au, 626 P.2d 173, 180 (Haw.1981).
 
 
 7
 The FEA determination occurred at the earliest in June 1985 when the DOE issued Thriftway a Notice of Probable Violation. The DOE, finding violation, then issued a final Remedial Order against Thriftway in August 1986. Thriftway appealed the order, and also began attempts to secure entitlement refunds from HIRI. HIRI refused to pay, and only at that time can it be said that it allegedly breached its contract. Regardless of whether the breach occurred in 1985 or 1986, Thriftway's filing against HIRI in March 1988 occurred before the four year statute ran after the cause of action accrued. Haw.Rev.Stat. § 490:2-725(2). The district court correctly found that Thriftway's action was not time barred by paragraph 4.4(d) or the Hawaiian statute of limitations.
 
 II
 
 8
 The district court correctly allowed an equitable recovery because Hawaiian courts will apply equity to contract actions. Cf. Young v. McQuerrey, 508 P.2d 1051, 1054-55 (Haw.1973) (court considered applying equitable relief to a land sale contract); Emalia Haahaa Akiona Hee v. Kahiwa Hee Chung, 39 Haw. 364, 367 (1952) (equity can cancel a contract); Molokai Ranch, Ltd, v. Morris, 36 Haw. 219, 227 (1942) (equity can enforce an oral contract for a sale of land); Yoshimasu v. Venhuizen, 27 Haw. 292, 296 (1923) (equity can restrain a breach of contract if the damage will be irreparable); Bank of Hawaii v. Davis Radio Sales & Service, Inc., 727 P.2d 419, 427 (Haw.App.1986) (bank action on loan contract transformed into equity action when bank amended complaint to include mortgage foreclosure claim). In fact, the Hawaiian remedy of equitable subrogation is " 'broad enough to include every instance in which one party pays a debt for which another is primarily answerable, and which in equity and good conscience should have been discharged by the latter.' " Alamida v. Wilson, 495 P.2d 585, 589 (Haw.1972) (quoting Kapena v. Kaleleonalani, 6 Haw. 579, 583 (1885) (emphasis added)).
 
 
 9
 Thriftway is liable for the entire refund. HIRI, having received 70% of the total, would unjustly profit if Thriftway refunds all the entitlements. In this situation, a Hawaiian court will fashion a decree "to do justice." Fleming v. Napili Kai, Ltd., 430 P.2d 316, 319 (Haw.1967). Ordinarily, a party with unclean hands, such as Thriftway, would not be allowed to profit by his misconduct, but the doctrine is not invoked when to do so would work an injustice. Shinn v. Edwin Yee, Ltd., 553 P.2d 733, 744 (Haw.1976). It would be an injustice to require Thriftway to pay the entire refund. HIRI should equitably contribute the entitlements it improperly received.
 
 III
 
 10
 The district court did not reform the contract nor improperly ignore the indemnity clause in paragraph 5.3. Paragraph 5.3 only covers Thriftway's obligation to indemnify HIRI, and conflicts with paragraph 4.4(b)-(d) under which Thriftway could collect from HIRI if the FEA brought an action regarding the entitlements. The district court was correct in finding an ambiguity because these contract clauses are capable of being understood in more than one way. Stewart, 748 P.2d at 821.
 
 
 11
 Furthermore, "[c]ontracts of indemnity are strictly construed, particularly where the indemnitee claims that it should be indemnified against its own negligence." Straub Clinic & Hosp. v. Chicago Ins. Co., 665 P.2d 176, 179-80 (Haw.App.1983). Accord Kamali v. Hawaiian Elec. Co., 504 P.2d 861, 866 (Haw.1972). HIRI did not show that the language in paragraph 5.3 is "a clear and unequivocal assumption of liability," id. at 866, by Thriftway to indemnify HIRI's purposeful actions in gaining the unwarranted entitlements. Indeed, just the opposite is true in light of paragraph 4.4 wherein HIRI contracted to refund to Thriftway any entitlements which FEA demanded from Thriftway. Construing this indemnity clause strictly against the drafter and alleged indemnitee, HIRI cannot be indemnified for its purposeful actions. The district court, then, did not reform the contract nor ignore paragraph 5.3, but properly decided a question of law in interpreting and construing conflicting clauses of the contract.
 
 IV
 
 12
 HIRI brought counterclaims which it characterizes as recoupment to avoid a statute of limitations problem. However, recoupment claims must "ar[i]se from the same transaction as plaintiff's claim." Pacific Concrete Fed. Credit Union v. Kauanoe, 614 P.2d 936, 939 (Haw.1980). A claim of recoupment is not governed by a statute of limitations, while an ordinary setoff claim, arising from a different transaction or occurrence, is subject to time bar. Id.
 
 
 13
 The district court was correct in finding that HIRI's claim of a shortfall delivery of oil in 1976 did not arise from the same transaction as Thriftway's claim for HIRI to share in the refund of entitlements. Hence, the claim does not qualify as recoupment and was time barred as a setoff when Thriftway brought its action in 1988 against HIRI to share in the refund.
 
 
 14
 While HIRI's claim is based on the same contract under which Thriftway brought its action, the DOE refund action is totally alien to HIRI's claim of an oil delivery shortfall. It is a mistake to characterize every claim from a single contract as one arising from the same transaction. Contracts, such as the one before us, can provide for a wide and divergent range of transactions and duties. Furthermore, the facts and events leading to these claims were totally different, occurring at different times and places, and involving different parties. The delivery of a tanker load of crude oil does not constitute the same transaction or occurrence as a refund claim from the DOE.
 
 
 15
 Hawaiian law recognizes that one contract can cover many separate actions or events that do not arise from the same transaction and thus will not create recoupment claims. The Hawaiian Supreme Court, in Oahu Railway and Land Co. v. Waialua Agric. Co., 16 Haw. 520 (1905), addressed an analogous situation in which one agreement contained both promises to buy coal and to lease land. In an action for the agreed price of the coal, the defendant raised a recoupment claim against the plaintiff for the unpaid rent on the lease contained in the same contract. The court could not "sustain the plea as recoupment, because the two transactions are entirely distinct and separate from each other, although provided for in the same instrument.... Neither of the agreements for buying coal or letting land in any way depends upon the other." Id. at 522.
 
 
 16
 Examining the facts here, as the court did in Oahu Railway, HIRI's claims did not arise from the same transaction nor were they dependent in any way upon the other. HIRI cannot maintain its claims as recoupment. Thus, HIRI's 1976 setoff claims were time barred when Thriftway filed this action in 1988.
 
 
 17
 HIRI's Federal Rule of Civil Procedure 13 compulsory counterclaim theory also fails for two reasons. Rule 13(a) requires that a compulsory counterclaim "arise[ ] out of the transaction or occurrence that is the subject matter of the opposing party's claim." This requirement parallels the requirement of a recoupment claim. Again, HIRI's claim of a short delivery of oil in 1976 does not arise from the entitlement transaction which is the subject matter of this suit.
 
 
 18
 Furthermore, Rule 13(a) requires that a party's claim be one "which at the time of serving the pleading the pleader has against any opposing party." HIRI fails this qualification because its setoff claim for an oil delivery in 1976 was time barred when Thriftway filed this action in 1988. Hence, HIRI did not have a compulsory counterclaim to make because in 1988 it did not possess a claim against Thriftway.
 
 
 19
 In addition, the district court had the authority to fashion a remedy that fairly required both parties to bear their share of the refund. See Small v. Badenhop, 701 P.2d 647, 654 (Haw.1985); Fleming v. Napili Kai, Ltd., 430 P.2d 316, 319 (Haw.1967). Part of that burden is the obligation to repay all the FEA entitlements, even the funds spent on bank trust account expenses. HIRI set up this account and required Thriftway to route all funds received from the FEA through this account.
 
 
 20
 Thriftway will not escape repaying its share of the trust account expenses. The DOE has ordered a refund of the entire amount of entitlements paid to Thriftway no matter where or how they were spent. Under the district court order, both parties will pay their share of the trust account expenses. It was proper for the district court equitably to divide these expenses in the same percentage as the entitlements were distributed. This approximates each party's role in the transaction, and was a proper method of computing the parties' share of the total refund.
 
 
 21
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3